ORLEANS,
March,
1838.

JONATHAN HADLOCK, 2d. and SAMUEL HADLOCK *v.* AZARIAS WILLIAMS.

Hadlocks
*v.*
Williams.

*(In Chancery.)*

If the orators have no interest in the subject matter of the bill they are not entitled to a decree.

In case of a bill praying for the rescinding of a contract for the purchase of land on the ground of want of title in defendant, the conveyance of the land by the orators does not so far divest them of interest as to preclude a decree.

In a contract for the sale of land, if both parties are under mistake in regard to the title of the vendor, which was supposed to be perfect, but proves void, this court will relieve the vendee from the contract.

And when the vendor has, on his own motion, obtained a judicial decree, vacating whatever claim of title he had at the time of the contract, this court will enjoin him from bringing a suit to recover possession of the land of the vendee, when the latter was in possession of the land prior to the contract and in his own right.

THE leading facts in this case are, that in the year 1807, the defendant contracted for the purchase of the land in question with John Murray, who claimed to act as the executor of one Watson of the city of New York. There were two other executors, living at the time of this contract, and all the executors had a joint authority to convey. Defendant took a conveyance of the land and gave Murray a mortgage deed. After having received payments to a considerable amount, the administrator of Murray brought his bill of foreclosure, and Williams filed his cross bill, insisting upon certain defects in the title of Watson and that the deed of Murray was insufficient to convey Watson's title, and praying to be relieved from the mortgage and its securities. In 1831 Williams obtained a decree according to the prayer of his bill.

Soon after the conveyance from Murray to Williams, the latter put one Perkins into possession, who, sometime after, abandoned, leaving the lot vacant, when the orators and those, under whom they claim, entered, professing an intention to purchase the lot of the "owner".

Williams in 1819 exhibited his title to the orators and they recognized his right, as owner, and in 1825 contracted for the purchase of the lot, the contract being agreed, in writing, to be consummated in 1829. The contract was not performed on the part of the orators and Williams, in fact, had no title to the land.

In 1831 the defendant obtained the decree above alluded to vacating whatever claim or color of title he had. Since that

time he has commenced his action of ejectment against the orators and recovered judgment for the seizin and possession of the land, upon the strength of the contract made in 1825. The orators now bring their bill praying to be relieved from that contract and the judgment recovered by Williams, and for other and further relief.

The opinion of the Court was delivered by

REDFIELD, Chancellor.—This case presents itself under two aspects.

I. That the defendant entered into the contract, know ing the defects in his own title. The court do not find suf cient testimony in the case, to warrant them in deciding that such was the fact. It might have been so, or Williams might have then honestly intended to pay off the mortgage securities and perfect his title. If this was the case, he would have been guilty of no actual fraud. But, at all events, after having obtained a decree in this court, in 1831, divesting him of whatever claim of title he had, he could not, in justice, enforce the contract against the orators. And this presents the second aspect of the case.

II. That the parties, at the time of the contract, were under a mutual mistake in regard to the defendant's title. Have the orators any remedy to relieve them from the contract? It is evident, that the orators and those, under whom they claim, were induced to enter into the contract, solely with a view to obtain a title to the land.

1. They already had possession of the land. 2. They took no contract for covenants confirming the title to the land. 3. They gave the full value of the land and were to secure the payment by mortgage.

It is very evident that Williams never had any title to the land whatever. The conveyance of Murray was wholly insufficient to pass the title of Watson, there being two other executors living and their authority being joint. This case is decided in the case of *Williams* v. *Murray's Admr.* 3 Vt. R. 189; and especially after this decree, obtained on his own motion, the defendant had no pretence of title. Nor could he be justified in prosecuting the orators and recovering possession of the land for the benefit of Watson's estate. He had ceased to be even the mortgagor of Murray. The ora-

tors might as well stand in the relation of trustees for the estate of Watson, as the defendant.

It is a familiar principle, that chancery will correct mistakes, whether in the contract, or in regard to the subject matter. *Gillespie* v. *Moon*, 2 Johns. Ch. R. 585. 1 Equity Digest, 145.

If the principal inducement to the contract were a mine or quarry, found not to exist on the land contracted for, chancery will relieve against the contract. *Roosevelt* v. *Fulton*, 2 Cowen's R. 129. *Glassell* v. *Thompson*, 3 Leigh, 113. *Hunt* v. *Rousmaniere's Admr.* 1 Peters' R. 13.

It is true indeed, if A. contract with B. to convey to him the estate of C., B. cannot be relieved from his contract even in equity. But A. is entitled to the full time set, in which to perform, and if he fail, this court will not interfere but leave B. to his remedy on his contract. And this is upon the ground that there has been no mistake or misapprehension in regard to the matter. And where the vendee goes into possession of land under the contract and is not disturbed, he cannot claim to have the contract rescinded merely upon the ground of defect of title in the vendor. This is the case, too, where the vendee may be compensated in damages and has his remedy on the covenants of the vendor.

In the present case, the vendees did not look to the personal responsibility of the vendor, but to his title. They did not receive possession of him, having entered upon a vacant possession, if such a solecism may be allowed. The defendant's contract may be considered to convey the title of Watson's estate. He had no pretence of any other, and to this it may be presumed the orators looked. Either, then, the defendant was guilty of deliberate fraud or the contract was entered into under mutual mistake and misapprehension.

The opinion is not to be entertained that this court will, for slight and circumstantial defects in title, decree a rescinding of the contract. The party is left to his remedy in damages. *Tenbroeck* v. *Livingston*, 1 Johns. Ch. R. 363. *Pratt* v. *Campbell*, 9 Cranch, 494. But a total failure of title, there being no covenants and no possession taken under the contract, will always relieve the plaintiff from his contract. *Greenleaf* v. *Cook*, 2 Wheaton, 13, 16.

Should the court refuse its interference in the present case, the orators must either lose their prior independent possession and improvements, or be compelled to pay Williams the price of the land, when he had it not in his power to convey the shadow of a title. And, on the other hand, he would be recovering the land and the orators' improvements, or the price of it, without the pretence of right on his part.

It was contended that the orators, having conveyed away the land, had no interest in the subject matter of the bill. If so, they cannot have a decree.

But the conveyance does not divest them of all interest in the controversy. 1st. The judgment is in full force against them. 3d. The contract is binding upon them.

The decree of this court is, that the defendant do, within sixty days, surrender the contract, set forth in the bill and answer, to the orators to be cancelled; that defendant be perpetually enjoined from pursuing his said judgment in ejectment or in any other way attempting to recover of the orators the possession of the land described in the contract, and that no costs be allowed either party.

*J. Mattocks,* and *J. Bell,* for orators.

*J. Cooper,* for defendant.