SAMUEL TOMPSON *vs.* NATIONAL BANK OF REDEMPTION & others.

A., B. and C., against whom a judgment had been rendered, agreed that each should bear a third of it; but, in fraud of this agreement, B. and C. paid to the judgment creditor a sum in cash, and promissory notes for a further sum, signed by themselves and by D. and E., and conveyed their property to D. and E. to secure them against liability on the notes, and the creditor assigned the judgment to D. *Held,* that A. could maintain a bill in equity against the judgment creditor and B., C., D. and E., to restrain proceedings against him on the judgment, and compel its discharge on his paying his third of the amount so paid to the judgment creditor.

A plaintiff in a bill in equity is not concluded on demurrer by his allegations of law.

BILL IN EQUITY against the National Bank of Redemption, the Bank of Mutual Redemption, William D. Forbes, Samuel B. Emery, William L. Emery, Moses W. Emery, Benjamin F. Emery, Benton Emery and Prescott Emery.

The bill alleged that the plaintiff, the defendants Samuel B. Emery and William L. Emery, and Oliver Hill, were directors of the Sanford Bank, a corporation established in the state of Maine under the laws thereof; that in 1864 the Bank of Mutual Redemption, a corporation established under the laws of this Commonwealth, brought a bill in equity in the supreme court of Maine against the directors of the Sanford Bank, which had become insolvent, on their liability under the statutes of Maine, for having caused the insolvency by their official mismanagement as directors, and attached the real estate in Maine of the plaintiff and Samuel B. Emery and William L. Emery; that the cause was continued to September term 1869, at which time the Bank of Mutual Redemption, " as the plaintiff believes and charges, had surrendered its charter, had ceased to be a corporation, and had no existence in law or equity; " and that at that term a decree was entered in favor of the plaintiff in the suit, wherein judgment for $10,661.75 was rendered against this plaintiff, Samuel B. Emery, William L. Emery, and Hill, and execution issued thereon; " and the plaintiff charges, upon information and belief, that the decree and execution are void by reason of the nonexistence of the corporation of the Bank of Mutual Redemption."

The bill further alleged that the plaintiff, Samuel B. Emery and William L. Emery agreed that, inasmuch as Hill was unable to pay his share of the judgment debt, they would each pay one third thereof; that two actions were begun and prosecuted against the plaintiff in this Commonwealth on the judgment, one brought in the name of the Bank of Mutual Redemption, and one in the name of the National Bank of Redemption, in both of which the real estate of the plaintiff in this Commonwealth was attached; that the real estate of the plaintiff in Maine, attached on the original bill in equity, was levied upon, but the real estate of Samuel B. Emery and William L. Emery, attached on the same bill, was released from the attachment; that all this was done in pursuance of an arrangement between Samuel B. Emery, William L. Emery, and Forbes, who was the former president of the Bank of Mutual Redemption, and claimed to control the judgment; that afterwards, in pursuance of said arrangement, and to compel the plaintiff to pay the whole amount of the judgment, Samuel B. Emery and William L. Emery paid $3000 in cash to Forbes, and gave him promissory notes for $7000, signed or indorsed by themselves and also by Moses W. Emery, Benjamin F. Emery and Benton Emery, sons of Samuel B. Emery, and Prescott Emery, son of William L. Emery, in full satisfaction of the judgment; that after the judgment had been paid, the National Bank of Redemption, by an instrument reciting that said bank was a corporation into which the Bank of Mutual Redemption was converted by law, assigned the judgment to Moses W. Emery; and that Samuel B. Emery and William L. Emery conveyed all their real and personal estate to Moses W. Emery, Benjamin F. Emery, Benton Emery and Prescott Emery, to indemnify them against their liability on the notes.

The bill prayed that the defendants might answer, their oath being waived; that they might be enjoined from proceeding under the judgment; and that they might be ordered to accept one third of $10,000 from the plaintiff in full satisfaction and discharge of the judgment. The defendants demurred, on the ground that the plaintiff had an adequate remedy at law; and the case

was thereupon reserved by *Ames*, J., for the determination of the full court.

*I. F. Redfield,* (*I. W. Richardson* with him,) for the plaintiff.

*W. F. Slocum & F. P. Goulding,* for the defendants.

WELLS, J.  The only ground of demurrer assigned is, that the plaintiff has an adequate remedy at law.

Upon the allegations of the bill, taken as true, a judgment has been rendered, in the state of Maine, against the plaintiff jointly with Samuel B. and William L. Emery, and Oliver Hill, not made party to this bill, upon their liability there, as directors of an insolvent bank, under the statutes of Maine.  Whatever may have been their rights as to contribution among themselves originally, the three have, since the rendition of the judgment, made an adjustment, by which it was agreed that each should bear one third of the debt.  In fraud of that agreement, and of the rights of Tompson so fixed, the other two have made an arrangement by which the judgment has been taken up and transferred to Moses W. Emery, who with others, sons of Samuel B. and William L. Emery, signed or indorsed the notes given in payment therefor.  These parties, in collusion with the other two joint debtors, are now seeking, in the name of the original creditor, to enforce that judgment against Tompson alone for the full amount, by levying upon his real estate in Maine, attached in the original suit, and by suits here upon the judgment.  The real estate of the other two, which was also attached, is not levied on, but conveyed to the sons to secure them for their liability upon the notes with which the judgment was taken up.

We think this clearly makes a case for jurisdiction in equity.  The arrangement with the creditor bank cannot be pleaded at law as a payment.  The rights of other parties than the debtors prevent it from so operating.  The assignment to Moses W. Emery was upon a lawful consideration and valid.  It can only be impeached to the extent necessary to make good the contribution agreed on ; and that can be done only in equity.  In equity too, even if the assignment cannot be limited, the security given by the other two debtors to the sons, who are made defendants, can be reached and applied to the discharge of their shares of the judgment.

The allegation that the judgment had been paid must be taken as a statement only of equitable or legal effect. If of legal effect, the contrary clearly appears from the facts alleged. The same may be said of the allegation that the judgment of the court in Maine is void because the corporation, plaintiff therein, had ceased to exist. The plaintiff is not concluded by such allegations. *Brown* v. *Newall*, 2 Myl. & Cr. 558, 576.

We are therefore of opinion that the demurrer is not well taken and must be                                        *Overruled.*