J. P. EUSTIS MANUFACTURING COMPANY *vs.* SACO BRICK COMPANY.

Suffolk.    December 3, 1907. — March 6, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Jurisdiction,* To restrain action at law, Mistake.    *Agency.    Practice, Civil,* Equitable defense.    *Equity Pleading and Practice,* Parties, Bill, Demurrer, Decree.

A defendant in an action at law to which he has an equitable defense need not set up such defense in his answer under R. L. c. 173, § 28, but may by a suit in equity have further prosecution of the action at law enjoined, the defense at law under the statute and the bill in equity being concurrent remedies.

The following were the allegations of a bill in equity: The plaintiff, the general agent of a foreign corporation, and the defendant, a prospective purchaser of a gas engine manufactured by the corporation, intending to make a contract for

the sale of an engine to which the corporation and the purchaser only should be parties, used for that purpose a blank furnished to the agent by the corporation. The contract as finally filled out was signed by the purchaser and by the agent in his own name, and was in the form of a letter to the purchaser containing the proposition, which he by indorsement thereon accepted. Among other things the letter stated that "the general agent for" the corporation proposed to deliver the engine "F. O. B. cars Cleveland," (which was the city where the corporation's factory was located,) it to be tested "at our works," the foundation to be built by the purchaser, the "plan only to be furnished by" the corporation [naming it], "the title . . . shall remain in" the agent [naming him without designation as agent] until payment in full and, in default of payment as agreed upon, the agent [individually] was given the right, after notice, to sell the engine and apply the proceeds of the sale to the payment of the purchase price, sending the balance, if any, to the purchaser. The agent had no factory and the purchaser knew that fact. An engine was delivered and paid for, but the purchaser, asserting that it did not satisfy the contract, brought an action at law against the agent for breach of the contract. The corporation was not made a party to the bill. The prayer of the bill was that the defendant be restrained from prosecuting his action at law. On demurrer to the bill, it was *held*, that the bill alleged a mutual mistake of fact in the making of the contract from which, if the corporation were a party to the suit, equity would grant relief by reforming the contract to conform to the actual bargain which the parties made but failed to express; *and* that, although the corporation was not a party to the suit, equity might enjoin the purchaser from making a wrongful use of the instrument to the damage of the agent.

A bill in equity alleged that a certain contract, which the plaintiff and the defendant intended should bind only a foreign corporation, of which the plaintiff was the general agent, and the defendant, by mutual mistake of fact of the plaintiff and the defendant was so drawn and executed that by its terms it bound the plaintiff personally, and that the defendant had brought an action at law against the plaintiff for an alleged breach of the contract. It appeared from the general allegations of the bill that the foreign corporation was not doing business in this Commonwealth when the suit was brought, so that it did not come within the provisions of St. 1903, c. 437, § 58, with regard to service upon foreign corporations doing business here. The prayer of the bill was that the defendant be enjoined from prosecuting the action at law. The defendant demurred on the ground that the corporation was not made a party to the bill. *Held*, that, while equity had jurisdiction to give the relief sought even although the corporation was not a party to the suit and the excuse for not joining it was not specifically stated, since it appeared from the general allegations of the bill that the corporation was not within the jurisdiction of the court, still, as a matter of practice, the plaintiff should amend and make the corporation a party, and service should be made personally or by publication, as the trial court might order under Equity Rule 5, that court being left to deal with such situation as might arise upon the corporation's failing to appear.

BILL IN EQUITY filed in the Superior Court for the county of Suffolk May 24, 1907.

The allegations of the bill were as follows in substance: On April 1, 1906, The Bruce-Merriam-Abbott Company, an Ohio

corporation, was engaged in the manufacture and sale at Cleveland, Ohio, of gas engines; and had works at Cleveland, Ohio, where engines which it sold were manufactured and tested, and also had printed forms of contracts intended to be made by it with purchasers of its engines. On that date the plaintiff was a general agent of The Bruce-Merriam-Abbott Company, had possession of its printed form of contracts above referred to and had a place of business in Boston, and did not manufacture gas engines and had no works at which gas engines should or could be tested. The defendant was informed of the foregoing facts, and negotiations opened between the plaintiff, as agent of and on behalf of The Bruce-Merriam-Abbott Company, and the defendant for the purchase by the defendant of an engine; as a result of these negotiations duplicate forms of a contract or letter were prepared by altering one of the printed forms prepared by The Bruce-Merriam-Abbott Company for its use, and such duplicate forms were then signed by the plaintiff and by the defendant in the manner and form hereinafter indicated. It was the intention of the plaintiff in making the alterations in the printed form and in causing it to be signed as it was signed to act as agent and for and in behalf of The Bruce-Merriam-Abbott Company and not to act in any way or manner so as to bind itself by any of the writing or printing contained in said paper. The defendant intended said paper writing to be a contract between The Bruce-Merriam-Abbott Company and itself, and, when said paper writing was signed in its behalf, understood and believed it was an agreement between The Bruce-Merriam-Abbott Company and the defendant, and did not intend nor believe nor understand that the plaintiff was a party thereto except in its capacity as agent of The Bruce-Merriam-Abbott Company. An engine claimed by The Bruce-Merriam-Abbott Company to be such as is described in said paper was furnished by The Bruce-Merriam-Abbott Company F. O. B. Cleveland, consigned to defendant, and the defendant received it and paid for it the price stipulated in the contract together with transportation charges from Cleveland. "The defendant claims the engine was not what it was warranted to be by the terms of the contract, that there are several breaches of the warranties contained therein, and that the contract was between the plaintiff and the defendant, and that

the plaintiff and not The Bruce-Merriam-Abbott Company is responsible for breach of its terms, and has brought an action at law . . . against this plaintiff to recover damages because of several alleged breaches of the warranties contained in said agreement, and among others because of an alleged breach of the agreement contained in said paper, ' That the engine shall be tested at our works and develop 55 actual brake H. P.'  The defendant in this suit claims in said action at law that the words ' our works ' in said agreement mean the works of the J. P. Eustis Manufacturing Company whereas in fact it was the intention of all the parties to this suit and to said contract that these words should mean the works of The Bruce-Merriam-Abbott Company, where the engine was manufactured; and it was well known to the defendant that the plaintiff had no works for testing said engine and no works at all in said Cleveland, where the defendant was to and did through its agent receive said engine. . . . "

The prayer of the bill was that the defendant be enjoined from further prosecution of the action at law, and be ordered to discontinue it.

Such portions of the agreement as are material to this decision are as follows: "Saco Brick Co., Saco, Me.  The J. P. Eustis Mfg. Co., General Agents for The Bruce-Merriam-Abbott Co., hereby propose to furnish and deliver F. O. B. cars Cleveland, not later than April 24, 1906, one 55 H. P. Twin Cylinder, vertical Gas engine, with belt pulley, the same arranged for gasoline fuel, and to have air starting outfit.  The Engine shall be tested at our works and develop 55 actual brake H. P. . . . [Then follow certain specifications and guaranties.] . . . Foundation plan only is furnished by B. M. A. Co.  Foundation to be built by their purchaser.  Foundation bolts to be furnished by B. M. A. Co.  All necessary labor to be furnished by purchaser, except the services of one erecting man which we agree to furnish without charge.  The purchaser to set the engine on the foundation, our man will make the connection, start the engine, and instruct your engineer in its use and care.  It is guaranteed that all our engines are thoroughly tested and found to be in good working order before leaving the factory.  That this machine will do good work when properly handled.  Any part or parts becoming broken or useless through defective workmanship or

material during the first year will be supplied the purchaser without charge F. O. B. Cleveland. We propose to furnish the above Engine for $1750.00 F. O. B. Cleveland. . . . We guarantee to use all best endeavors to secure through the transportation companies the earliest possible delivery to Saco. It is agreed that the title and right of possession shall remain in J. P. Eustis Mfg. Co. until payment has been made in full, and, if such payment is not made, J. P. Eustis Mfg. Co. may take possession of said engine and sell the same, on giving ten days notice of such sale by posting notices, and apply the proceeds of such sale to the expense of taking possession and making sale, and to cover the balance due on this contract, with interest, and render the overplus to you.

"Accepted Saco Brick Co. Lewis B. Stillman, President, James A. Durgin, Treas.

"Approved, J. P. Eustis Mfg. Company, J. P. Eustis, Treas."

The defendant demurred and alleged as grounds of demurrer, "that plaintiff has not stated such a case as entitles it to any relief in equity against defendant"; "that plaintiff has a plain, adequate and complete remedy at law"; that The Bruce-Merriam-Abbott Company is a necessary party to the bill, but plaintiff has not made it a party to the bill; and "that plaintiff is not entitled to any relief in equity against this defendant without a reformation of the contract set forth in the bill, that said contract cannot be reformed to the facts alleged in the bill without making The Bruce-Merriam-Abbott Company a party to the bill and that The Bruce-Merriam-Abbott Company is a foreign corporation as appears from the bill and therefore cannot be made a party to the bill in such manner as to be bound by any decree entered in said cause."

There was a hearing before *Fox*, J., who filed the following memorandum: "The plaintiff asks by his bill to be relieved from the effect of a contract which he alleges was signed by both parties under a mistake and misapprehension as to its true construction, the parties intending that The Bruce-Merriam-Abbott Company should be bound by it, instead of the plaintiff. The plaintiff has not cited any case to the point that in such a case it is permissible to show, either in law or in equity, that the written contract does not express the real intention of the parties.

Demurrer sustained." A final decree was entered dismissing the bill, and the plaintiff appealed.

The case was submitted on briefs.

*G. C. Abbott,* for the plaintiff.

*F. L. Norton,* for the defendant.

BRALEY, J. By the terms of the contract in its present form no invalidity appears, and both principal and agent could be held by the defendant for the performance of the promise. The plaintiff, if an agent, would be liable because of an unrestricted undertaking to perform, while The Bruce-Merriam-Abbott Company, which is referred to as its principal, could be reached, because oral evidence might be introduced to prove that it was the real party in interest. *Brown* v. *Bradlee,* 156 Mass. 28. *Crawford* v. *Moran,* 168 Mass. 446, 449. The plaintiff having been sued at law for an alleged breach, unless it pleads an equitable defence under R. L. c. 173, § 28, is precluded at the trial from introducing extrinsic evidence to prove in defense that, by mutual mistake as to the parties to be bound, the written instrument embodied a different contract from that which they actually made. *Tucker Manuf. Co.* v. *Fairbanks,* 98 Mass. 101, 104. Instead, however, of invoking the aid of the statute for defensive relief, it has elected the concurrent remedy of a bill in equity. *Barton* v. *Radclyffe,* 149 Mass. 275, 280. *Page* v. *Higgins,* 150 Mass. 27, 28. *Nathan* v. *Nathan,* 166 Mass. 294.

But, while the objection of the adequacy of the remedy at law is not well taken, there remain the other questions raised, that either a case for equitable relief has not been stated, or, if stated, appropriate relief cannot be decreed for want of necessary parties. The uncertainty as to the intention of the parties, which often arises from conflicting evidence where the reformation of a bilateral contract is sought upon the ground of mistake, is eliminated, as all the allegations of the bill are admitted by the demurrer. Upon an examination of them, it is manifest that the parties to the contract were intended to be the defendant and The Bruce-Merriam-Abbott Company. In the preliminary negotiations, as well as at the time of acceptance and execution, the defendant was fully informed of the representative capacity in which the plaintiff acted, and also knew that it neither manufactured engines nor

possessed facilities for making the required tests called for by the contract, and did. not intend to incur any contractual liability, but only to act in behalf of its principal.   With full knowledge of the facts by all concerned, it was mutually understood that plans were to be prepared, the engine built and delivered, and its capacity and mechanical excellence in operation guaranteed by the manufacturer, who was the vendor and to whom the purchase price was to be paid.   Both sides are thus placed unequivocally in a position where they had come to a full understanding of the terms of a sale, which, through mutual misconception, their written agreement does not fully express. It is claimed that in many particulars the engine failed to correspond with the warranty, and that, unless the plaintiff is relieved, it may be liable in damages to the defendant.   If this result follows, the defendant, although fully cognizant of their mutual error, which it refuses to correct, would obtain an unconscientious advantage over the plaintiff, which originally neither intended.   If the claim is not established, even then the plaintiff is exposed to the expense and vexation of litigation to which it has been subjected by the defendant's conduct. The power of a court of equity to reform the writing to express the contract upon which they agreed is denied by the defendant upon the sole ground that the mistake was not an error of fact, but of law.   But, while the parties correctly understood the subject matter and principal purpose of the contract, they were subject to a mutual mistake, when using and filling in the printed form, as to the antecedent legal rights and liabilities of the plaintiff.   They had come to an agreement which would have been correctly set forth but for the misapprehension of the plaintiff, by whom apparently it was prepared, as to the effect upon its liability of the language employed, the plaintiff also mistaking the proper form of signature as an execution of the contract by which its principal, rather than itself, would become bound.   Their error constituted a mistake of fact, from which equity will grant relief by a reformation of the instrument to conform to the actual bargain which the parties made but failed to express.   *Canedy* v. *Marcy*, 13 Gray, 373.   *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 319.   *Page* v. *Higgins*, 150 Mass. 27, 30, 31.   *Goode* v. *Riley*, 153 Mass.

585. *Murphy* v. *Livingstone*, 187 Mass. 315. *DeFriest* v. *Bradley*, 192 Mass. 346, 353. *Eastman* v. *Provident Relief Association*, 65 N. H. 176. *Woodbury Savings Bank & Building Association* v. *Charter Oak Ins. Co.* 31 Conn. 517, 529. *Griswold* v. *Hazard*, 141 U. S. 260. *Stapylton* v. *Scott*, 13 Ves. 425. *Beauchamp* v. *Winn*, L. R. 6 H. L. 223, 233, 234. 1 Story Eq. Jur. (13th ed. by Bigelow) § 111, note a, § 140, note a, and cases cited. 2 Pom. Eq. Jur. (3d ed.) §§ 858, 849, and cases cited. In the application of this principle, mistakes as to title have been corrected, the word " heirs " substituted for " successors," omission of words of inheritance supplied, a deed reformed to bind a copartnership instead of an individual member, a mortgage in the name of an agent rectified by inserting the name of the principal as mortgagor, and the principal substituted for a trustee who had been mistakenly designated and had bound himself as a contracting party. *Murphy* v. *Livingstone, ubi supra. Hadlock* v. *Williams*, 10 Vt. 570. *Denys* v. *Shuckburgh*, 4 Y. & C. 42. *Colchester* v. *Culver*, 29 Vt. 111. *McNaughten* v. *Partridge*, 11 Ohio, 223. *Remington* v. *Higgins*, 54 Cal. 620. *Blakeman* v. *Blakeman*, 39 Conn. 320. *Haussman* v. *Burnham*, 59 Conn. 117. *Sparta* v. *Mendell*, 138 Ind. 188. It is to be inferred from the record that the contract has been fully executed, but this does not prevent suitable relief. If reformation is decreed, the defendant is not deprived of any right, but still has its alleged cause of action against the party who alone should be chargeable in damages for any failure to comply with the warranty. *Long* v. *Athol*, 196 Mass. 497. *Harrison* v. *Talbot*, 2 Dana, 258. *Paine* v. *Upton*, 87 N. Y. 327. 1 Story Eq. Jur. (13th ed. by Bigelow) § 159.

If, however, the plaintiff is entitled to relief in some form upon proof of the averments of the bill, we are asked to say that it cannot be administered unless The Bruce-Merriam-Abbott Company, a foreign corporation, is joined as a party. In equity the general rule is that all persons having a material interest in the subject matter of the suit must be made parties. But, having been introduced for the purpose of justice, the rule will not be applied to accomplish its defeat, if, consistently with the merits of the case, the court can proceed to a decree as to the parties before it, even if other persons, who may be interested

but over whom it does not possess jurisdiction, are absent. Upon an elaborate review of the authorities by Judge Story in *West* v. *Randall*, 2 Mason, 181, 190, 193, he says, " whenever, therefore, the party supposed to be materially interested is without the jurisdiction of the court . . . the court will not insist upon the objection; but, if it can, will proceed to make a decree between the parties before the court, since it is obvious, that the case cannot be made better." After full consideration, this modification of the general rule was recognized, approved and followed, in the case of *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.* 110 Mass. 1, 8, 9, where one of the grounds of demurrer was that certain foreign corporations, who were joint licensors with the defendant, had not been joined. It is sufficient if this excuse for the non-joinder of parties appears generally from the bill without being specifically pleaded. *Palmer* v. *Stevens*, 100 Mass. 461, 466. The provisions of St. 1903, c. 437, § 58, relating to the service of writs upon foreign corporations doing business in this Commonwealth, being inapplicable, if the corporation were made a party it would not be concluded by a decree, unless, after being served with process within this jurisdiction, it appeared. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.*, *ubi supra*. Under these circumstances the plaintiff should not be left remediless. It is not in the situation of a party asking for affirmative relief, where, upon reformation being ordered, the bill could be retained for the assessment of damages, as in *Butler* v. *Barnes*, 60 Conn. 170, 190. But the right to be relieved rests upon the ground that, while the defendant is entitled to the benefit of the contract which the parties intended to make and supposed they had made, it would be inequitable and unjust to permit the enforcement at law of an agreement which, if reformed in accordance with their intention, would relieve the plaintiff from all liability. See *Dehon* v. *Foster*, 4 Allen, 545, 550, 551.

The court not being limited to one form of remedy, even if it should decline to rectify the contract because of the absence of a party who, if within its jurisdiction and served with process, upon rectification would become bound to its performance, may enjoin the defendant from making a wrongful use of the instrument to the damage of the plaintiff. *Tompson* v. *National*

*Bank of Redemption*, 106 Mass. 128. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.*, *ubi supra*, p. 12. 2 Daniel, Ch. Pl. & Pr. (6th Am. ed.) § 1623. *Field* v. *Cory*, 3 Halst. Ch. 574. It must be left to the Superior Court, when put in possession of the merits of the controversy, to decide as to the measure of relief which should be granted.

But, while the plaintiff has stated a case for equitable relief, we are of opinion that, as matter of practice, the plaintiff should amend by joining the non-resident corporation as a party, and make such service upon it as may be ordered under the fifth equity rule. If the corporation does not appear, or if it appears and moves to dismiss for want of jurisdiction, then, for the reasons stated, the court has jurisdiction to administer appropriate relief as between the present parties. *Hildreth* v. *Thibodeau*, 186 Mass. 83, 84.

The decree dismissing the bill must be reversed and a decree entered sustaining the demurrer for want of parties, with leave to the plaintiff to amend its bill by joining The Bruce-Merriam-Abbott Company as a party defendant.

*Ordered accordingly.*