J. P. EUSTIS MANUFACTURING COMPANY *vs.* SACO BRICK
COMPANY.

Suffolk.   January 28, 1909. — March 3, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction*, To enjoin action at law, To reform contract in writing, Mistake.
*Agency.   Equity Pleading and Practice*, Appeal, Costs.

At the hearing upon a bill in equity seeking to reform, and to enjoin the defendant
from proceeding with, an action at law for the breach of a contract in writing
for the sale by the plaintiff and the purchase by the defendant of a gas engine
which was to satisfy certain requirements, which contract was signed by the
plaintiff in his own name and by the defendant, but which the plaintiff alleged
that he signed in his own name by mistake and that it was understood between
the parties to the contract that he signed as agent for a third party, the evidence
consisted of the oral testimony of one witness and of various exhibits, and there
was evidence from which a finding was warranted that the plaintiff treated the
transaction between himself and the third party as one between buyer and
seller rather than one between agent and principal, paying the third party for
the engine before he was paid for it by the defendant, and himself paying to an
agent a commission for procuring the sale.   There also was evidence that the
defendant did not intend the contract to be between himself and the third party,
but to be as it was written.   The judge dismissed the bill and the plaintiff
appealed.   *Held*, that the appeal should be dismissed with double costs to the
defendant.

BILL IN EQUITY, filed in the Superior Court for the county of
Suffolk on May 24, 1907, seeking to enjoin an action at law by
the defendant against the plaintiff for breach of warranties con-
tained in a contract in writing for the sale of a gas engine by
the plaintiff to the defendant.

The case was before this court on an appeal from an order sus-
taining a demurrer to the bill, and was reported in 198 Mass.
212, the demurrer being sustained for want of parties, and the
plaintiff being given leave to amend its bill by adding a party.
Such an amendment was made after the issuing of the rescript,
and the bill was taken *pro confesso* as to the party thus added.

There was a hearing before *Wait*, J., the evidence being taken
by a commissioner.   The judge dismissed the bill, and the plain-
tiff appealed.   The facts are stated in the opinion.

The case was submitted on briefs.

*G. C. Abbott,* for the plaintiff.

*F. L. Norton,* for the defendant.

MORTON, J.   This case was before this court in 198 Mass. 212. After the decision in that case the plaintiff amended by making the Bruce-Merriam-Abbott Company a party defendant and the case was heard upon the merits and the court ordered a decree to be entered dismissing the bill with costs.  The plaintiff appealed. The evidence, which consisted of the oral testimony of one witness, the treasurer of the plaintiff company, and various exhibits, was taken by a commissioner and is all before us.

The bill seeks in effect to reform a contract purporting to have been entered into between the plaintiff and the defendant on the ground that the parties intended and understood the contract to be one between the Bruce-Merriam-Abbott Company and the defendant and not between the plaintiff and the defendant, and that the contract in its present form was due to mutual mistake and misapprehension on the part of the plaintiff and the defendant.   The bill also seeks to have the defendant enjoined from prosecuting an action at law which it has brought against the plaintiff and which is still pending, to recover damages for breaches of the contract alleged to have been committed by the plaintiff.

The contention of the plaintiff was and is that it was acting as general agent of the Bruce-Merriam-Abbott Company, and that there was no intention or expectation on the part of the defendant and itself that the plaintiff should be bound by the contract.   This was and is denied by the defendant.   It insists that the contract was made, as it was intended to be made, with the plaintiff and not the Bruce-Merriam-Abbott Company.   The issue thus presented was clearly one of fact, and there was ample evidence to warrant the decree.   The contract itself, though one of the printed blanks of the Bruce-Merriam-Abbott Company was used, expressly provides that the title and right of possession shall remain in the plaintiff company until payment is made in full, and that, if such payment is not made, the plaintiff may take possession of the engine.   It could have been found that no satisfactory explanation of this provision was offered by the plaintiff's treasurer if, as he testified in substance, he did not intend the contract to bind the plaintiff to the defendant or the de-

fendant to the plaintiff. There was also evidence tending to show that the plaintiff treated the transaction between it and the Bruce-Merriam-Abbott Company as one between seller and buyer rather than between principal and agent. It paid that company for the engine before receiving the amount due from the defendant instead of waiting, as it would have been more natural to do if acting as agent, till it had received the money from the defendant and then remitting it to the Bruce-Merriam-Abbott Company. It also paid a third party a commission on the sale. Further, there was no evidence that the defendant intended or understood the contract to be one between it and the Bruce-Merriam-Abbott Company. On the contrary it distinctly repudiated any such understanding or intention when the matter was called to its attention by the plaintiff, and it could have been found that the alleged mistake lacked the element of mutuality which was necessary to warrant a reformation of the contract. *Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212. *Livingstone* v. *Murphy*, 187 Mass. 315. For these and other reasons the finding in favor of the defendant was well warranted.

The decree will be so modified as to include the costs of this appeal and then will be affirmed with double costs.

*So ordered.*