HERMAN ALLGEIER, Plaintiff, *v.* GORDON & COMPANY, INCORPO-
RATED, Defendant.

Supreme Court, Special Term, Kings County, January 13, 1939.

*Matthew W. Wood,* for the plaintiff.

*David Borodkin,* for the defendant.

LOCKWOOD, J. This is an action in equity to declare satisfied a judgment recovered in an action at law and to restrain the defendant from enforcing such judgment.

In 1924 the defendant herein sued the plaintiff in this action to recover the possession of certain chattels. On January 19, 1927, a judgment was entered providing that the plaintiff deliver the chattels to the defendant, and in the event that the said chattels were not delivered within three days after service of the judgment, the defendant recover from the plaintiff the sum of $3,500. This judgment was entered upon a verdict by the jury in favor of the plaintiff for the chattels in question, " and in the alternative in the event of their not being delivered in three days, a verdict may be entered as a matter of direction of the Court for $3,500."

On the same day that the alternative judgment for the recovery of the chattels or the payment of $3,500 was entered, the defendant docketed a money judgment against the plaintiff for $3,646.35.

After the entry of judgment the plaintiff offered to deliver the chattels to the defendant, who stated that he had no place to put them and requested that plaintiff hold them awhile for him. Thereafter defendant or his agents called for the chattels, loaded them in a truck and took them away. The court finds that all the chattels were placed in possession of the defendant prior to February 3, 1927.

The plaintiff had no knowledge that the money judgment was docketed, and no steps were taken to enforce it until June, 1938, when defendant caused plaintiff to be examined in supplementary proceedings.

Plaintiff then moved in the previous action to vacate the money judgment. This motion was denied upon the ground that the application was not timely under section 528 of the Civil Practice Act. (*Gordon & Company, Inc.,* v. *Allgeier,* unreported.)

The plaintiff then brought this action. He has proven practically all the material allegations of his complaint.

Upon facts substantially the same, it has been held in another jurisdiction that the plaintiff is entitled to the equitable relief sought. (*Thompson* v. *Laughlin,* 91 Cal. 313; 27 P. 752.) If plaintiff had an adequate remedy at law, of course, he would be denied equitable relief. (*Roach* v. *Duckworth,* 95 N. Y. 391; *Lansing* v. *Eddy,* 1 Johns. Ch. 49.) However, where a judgment in an action at law has been satisfied and the judgment debtor has no remedy at law to prevent the unjust and inequitable enforcement of such judgment, equity has jurisdiction to afford relief. (*Mallory* v. *Norton,* 21 Barb. 424; *Shaw* v. *Dwight,* 16 id. 536; *Tompson* v. *National Bank of Redemption,* 106 Mass. 128.)

Included in the money judgment docketed in the previous action is the sum of $128.85 costs awarded to the defendant against plaintiff. The defendant having prevailed in the previous case is entitled not only to the chattels which he has reclaimed, but also the costs awarded.

The plaintiff is entitled to a decree adjudging the judgment docketed January 17, 1927, for $3,646.35 discharged and satisfied except for the sum of $128.85, the aforementioned costs.

The court grants the motion of the plaintiff for judgment and directs judgment accordingly in favor of the plaintiff for the relief prayed for in the complaint, with costs.