George Tilzer, J.
Defendant moves for a dismissal of the complaint upon the ground that the claim in suit is time barred, that there is an existing final judgment dismissing the cause of action, and that jurisdiction should he declined in favor of the Surrogate’s Court, New York County.
In the proceedings pending in the Surrogate’s Court the-defendant as assignee of a judgment has demanded payment thereon. The decedent had made and delivered his note payable to the defendant as an accommodation which the defendant in turn delivered as security for his indebtedness owing to the transferee. It was upon that note that the prior action was brought and judgment obtained against the decedent. Thereafter, by virtue of a transaction apparently settling the accounts between the defendant and the judgment creditor, the judgment was assigned to this defendant. It is further claimed that at the time of the delivery of the note by the deceased it was understood and it was a consequence of the position of the deceased with respect to the note that the defendant was primarily liable thereon and required to repay the deceased any sums paid by the latter on account of the note. Consequently the plaintiff has brought this action for multiple relief including the satisfaction of the judgment against the deceased and the recovery from the defendant of the sum of $1,000 paid by the deceased on account of the note. Defendant urges the two-year Statute of Limitations with respect to applications seeking vacatur of a judgment. The statute is not applicable to a demand for satisfaction of the judgment. Nor is the prior action an adjudication of the issues here involved. While the issues in the proceedings pending in the Surrogate’s Court are involved in this action. *807 yet full relief may not be there obtained since as already indicated the plaintiff seeks in this action a satisfaction of the judgment and affirmative relief by the recovery of the sum of $1,000. The motion is denied in all respects.