◼ IAN L. POLOW, Appellant, v LOUIS QUIROS, Respondent. —In an action to recover moneys had and received, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered March 25, 1986, as granted the defendant's motion for leave to amend his answer.

Ordered that the order is affirmed insofar as appealed from with costs.

Based on the facts of this case, Special Term did not abuse its discretion in granting the defendant leave to amend his answer to assert the affirmative defense of bankruptcy. This defense was not available to the defendant at the time the original answer was served and it does not appear from the record that the plaintiff will be unduly prejudiced by the amendment *(see,* CPLR 3025 [b]). Moreover, based on these facts, and more particularly the alleged knowledge of the plaintiff as to the pendency of the bankruptcy proceeding and his alleged agreement not to be listed as a creditor, the proposed bankruptcy defense is not palpably insufficient as a matter of law *(see, Norman v Ferrara,* 107 AD2d 739, 740; *Island Cycle Sales v Khlopin,* 126 AD2d 516). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.