■ Isaac W. Schiff et al., Appellants, v Moritz Gruenspan

et al., Respondents.—In an action to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), dated August 15, 1988, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs and the defendants were all shareholders in a corporation, the sole asset of which was a building located at 902 44th Street in Brooklyn. In 1983, the Supreme Court, Queens County (Kassoff, J.), issued an order and judgment confirming an arbitrator's award and, *inter alia,* directing an accounting with respect to the property. In 1985 the property was sold and the corporation dissolved.

In 1986 the plaintiffs served a demand for arbitration. Their claim was that the defendants "maintained a bank account with European American Bank preciously *[sic]* unknown to [the plaintiffs]". The defendants commenced a proceeding to stay arbitration. By judgment dated September 9, 1986, the Supreme Court, Queens County (Sacks, J.), granted the application to stay arbitration "on default", holding that "the issues herein [were] previously arbitrated and decision herein confirmed by * * * Justice Kassoff".

The plaintiffs then brought the instant action which alleges, *inter alia,* that the "defendants without knowledge of plaintiffs opened an account [in the] European American Bank". After issue had been joined, the Supreme Court granted the defendants' motion for (1) leave to amend their answer to assert the defense of res judicata, and (2) summary judgment dismissing the complaint. We affirm.

Firstly, we conclude that the Supreme Court did not improvidently exercise its discretion in granting the defendants leave to amend their answer *(see,* CPLR 3025 [b]; *see, e.g., McCaskey Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755 [addition of defense of Statute of Limitations]; *Shepherd v New York City Tr. Auth.,* 129 AD2d 574 [addition of defense of release]; *Polow v Quiros,* 128 AD2d 763 [addition of defense of bankruptcy]; *Barnes v County of Nassau,* 108 AD2d 50 [addition of defense of immunity]; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.14).

Secondly, we conclude that the Supreme Court correctly granted summary judgment in favor of the defendants based on the defense of res judicata. It has been conclusively shown that the claims made in the present action actually were, or could have been, previously advanced by the plaintiffs. Indeed,

in the judgment dated September 9, 1986, which was never appealed from or vacated, Justice Sacks held that the plaintiffs were precluded from raising their claims. Pursuant to New York's "transactional" analysis of the doctrine of res judicata, the complaint was properly dismissed *(see generally, McNally Intl. Corp. v New York Infirmary-Beekman Downtown Hosp.,* 145 AD2d 417; *Ecker v Lerner,* 123 AD2d 661). Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.