OPINION OF THE COURT
Joan B. Lefkowitz, J.
On February 9, 1993 the corporate defendant obtained a judgment against plaintiff in the sum of $9,487.50 in the Village Court of the Village of North Tarrytown. The individual defendant is an officer of the corporation and its attorney. On February 10, 1993, the plaintiff paid the judgment by deposit into court. Nonetheless, the defendants refused to provide a satisfaction of judgment or to stipulate to vacate a warrant of eviction. Thereafter, on December 10, 1993, the plaintiff by order to show cause before the Village Court obtained an order vacating the warrant and directing the individual defendant herein to prepare and transmit a satisfaction-piece.
Rather than prepare a satisfaction, the corporation appealed from the December 10, 1993 order to the Appellate Term, Second Department, for the Ninth and Tenth Judicial Districts. On March 15, 1994 the plaintiff herein commenced the subject action. The complaint consists of two causes of action. The first cause of action is for damages for the failure to provide a satisfaction of judgment and for an order directing the Clerk of the Village Court to make an entry of satisfaction in the court records. The second cause of action is for damages *123 for slander of credit. Defendants’ answer contains various affirmative defenses and two counterclaims, of no moment here.
Plaintiff moved for summary judgment and defendants cross-moved to dismiss the complaint. On July 11, 1994 the court granted plaintiff’s motion to the extent of directing the Clerk of the Village Court to mark its records that the judgment had been satisfied; dismissed the affirmative defenses and the second counterclaim; and denied the cross motion. An order thereon was made on August 3, 1994, which was served on defendants with notice of entry on August 8, 1994.
On October 6, 1994 the Appellate Term modified the Village Court order by striking the provision directing the individual defendant to prepare a satisfaction, without prejudice to the judgment debtor to proceed under CPLR 5021.
Defendants move to amend their answer to plead the affirmative defenses of res judicata by reason of the Appellate Term disposition and to plead the one-year Statute of Limitations (CPLR 215 [3]) as to the causes of action. No proposed amended answer was annexed. Plaintiff opposes the motion as untimely and without merit.
Great liberality is accorded movants who seek leave to amend the pleadings. (CPLR 3025 [b]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:4-C3025:5, at 355-356.) While a proposed amended pleading should be submitted to the court for review (6 Carmody-Wait 2d, Amendment of Pleadings § 34:28), in the absence of prejudice the court will disregard movants’ failure to provide one as they have presented the proposed amendments in the supporting affirmation (CPLR 2001).
Leave to amend an answer rests within the sound discretion of the court. (Mayers v D’Agostino, 58 NY2d 696 [1982].) However, the court must first review the proposed amendment to determine if it is meritorious. (Crimmins Contr. v City of New York, 74 NY2d 166, 170 [1989]; Tilden Fin. Corp. v Muffoletto, 161 AD2d 583 [2d Dept 1990]; Saferstein v Mideast Sys., 143 AD2d 82 [2d Dept 1988]; 3 Weinstein-Korn-Miller, NY Civ Prac fl 3025.23.)
Where appropriate, leave to amend an answer to plead res judicata may be granted. (Schiff v Gruenspan, 166 AD2d 698 [2d Dept 1990].) At bar, however, that proposed defense is without merit as the Appellate Term did not rule in favor of defendants here on the merits of issuing a satisfaction; rather *124 it directed compliance with the procedure set forth in CPLR 5021 as to satisfactions.
The court had previously so ruled. No appeal was taken from that order. It is presumed that the Clerk of the Village Court performed the duty directed as to making an entry of satisfaction on receipt of notice of this court’s order if served by counsel on the clerk. (Richardson, Evidence § 72 [Prince 10th ed].) The res judicata defense is academic in light of this court’s prior ruling and that part of the motion to amend the answer to plead res judicata is denied.
Absent loches (46 Am Jur 2d, Judgments, § 859; 2 Carmody-Wait 2d, Limitation of Actions § 13:4) or estoppel, the courts have permitted answers to be amended to plead expiration of the period of limitations. (Seda v New York City Hous. Auth., 181 AD2d 469 [1st Dept 1992]; Barbour v Hospital for Special Surgery, 169 AD2d 385 [1st Dept 1991]; Powe v City of Albany, 130 AD2d 823 [3d Dept 1987].) At bar, it is clear that the one-year statute bars the second cause of action for slander of credit (CPLR 215 [3]). Therefore, the motion to plead such bar is granted as to the second cause of action.
That portion of the motion as it relates to the issue of failure to provide a satisfaction is more troublesome. Movants claim that the first cause of action for a mandatory injunction and damages is governed by the one-year Statute of Limitations (CPLR 215 [3]), since the gravamen of the cause of action is slander. Plaintiff argues that the claim in the first cause of action is not for slander and is governed by the six-year Statute of Limitations, where no other Statute of Limitations applies (CPLR 213 [1]), or is in the nature of a continuing wrong for which no Statute of Limitations exists.
CPLR 5020, which is the predicate for the first cause of action, requires a judgment creditor to execute and file a satisfaction-piece on receipt of satisfaction (subd [a]). Absent revocation of authority, an attorney of record for the judgment creditor, like the individual defendant at bar, is authorized to provide a satisfaction-piece for a period of 10 years from the date of entry of the judgment (subd [b]). If the judgment creditor refuses to provide a satisfaction, a penalty of $100 is recoverable from the judgment creditor (subd [c]).[1] *125 On a deposit of sufficient moneys into court, as permitted by the Village Court in this case, the court in which the judgment was entered or docketed may direct the clerk to make an entry of satisfaction against the judgment (CPLR 5021 [a] [3]; National Bank v ESI Group, 201 AD2d 469 [2d Dept 1994]).* [2]
The purpose of the satisfaction legislation is to provide a remedy to a judgment debtor so as to avoid an abuse of process (49 CJS, Judgments, § 581). Interestingly, the Statute of Limitations on abuse of process claims is one year. (Bittner v Cummings, 188 AD2d 504 [2d Dept 1992]; Hansen v Petrone, 124 AD2d 782 [2d Dept 1986]; CPLR 215 [3].) A money judgment is deemed satisfied on expiration of 20 years from its entry. (CPLR 211 [b].) The 20-year period is not a true Statute of Limitations; rather it is a statutory presumption. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C211:2, at 420.) An action on a money judgment between the original parties may be had during a 10-year period from the date of docketing (CPLR 5014 [1]) and the judgment constitutes a lien on real property in the county in which it is docketed for a 10-year period (CPLR 5203 [a]). *126 The lien may be extended and the judgment renewed (CPLR 5014 [last para]; 5203 [b]).
Statutes of Limitations represent legislative judgments that claims must be asserted within certain time frames as society desires that alleged wrongs lie in repose once the applicable time period expires. (Schmidt v Merchants Desp. Transp. Co., 270 NY 287 [1936]; 75 NY Jur 2d, Limitations and Laches, § 2.) To determine which Statute of Limitations applies, it is necessary to review the essence of the claim or the gravamen of the cause of action. (1 Weinstein-Korn-Miller, NY Civ Prac ]¡ 213.01; 75 NY Jur 2d, op. cit., § 55.) Plaintiff has failed to elaborate on his claim except to state through his counsel’s affirmation that he has suffered damages from the time satisfaction should have been entered until the clerk was directed to make such entry.
In Bayer v Golding (26 Misc 2d 805 [Sup Ct, NY County I960]) it was held that the two-year Statute of Limitations applicable to vacatur of judgments in certain situations (now one year, CPLR 5015 [a] [1]) did not apply in an action to compel satisfaction of a judgment. The court did not state what period of limitation did apply.
This court is of the opinion that the procedure specified for satisfaction of judgments is equitable in nature and inherent power exists to apply principles of justice to judgments previously rendered. (5 Weinstein-Korn-Miller, NY Civ Prac [[ 5015.12.) The court is, however, not persuaded that a judgment creditor’s failure to satisfy a judgment is a continuing wrong without a limitation period (cf., 1 Weinstein-KornMiller, op. cit., Til] 213.01, 213.04; 75 NY Jur 2d, Limitations and Laches, § 204); rather, the claim is one that springs from equitable jurisdiction and is, therefore, governed by the omnibus six-year Statute of Limitations (CPLR 213 [1]; 75 NY Jur 2d, op. cit., §§ 68-69). Consequently, the proposed amendment to the answer regarding the Statute of Limitations as to the first cause of action is without merit and is denied.

. Judgment creditors are required to provide satisfaction-pieces and the provisions of the statute are mandatory. (Pierson v Lloyds First Mtge. Co., 239 App Div 790 [2d Dept 1933].) Consequently, the accrual of the cause of action to enforce the statutory provisions is not dependent upon a demand *125 (5 Weinstein-Korn-Miller, NY Civ Prac fl 5020.03; cf, CPLR 206 [a]) except where the City of New York is the judgment creditor and a penalty is sought (CPLR 5020 [c]).

. While a question of subject matter jurisdiction might be advanced here where the underlying judgment was entered in the Village Court and not docketed in the Supreme Court, movants failed to argue the issue on the previous motion where the court struck the affirmative defenses (including lack of subject matter jurisdiction), which resulted in an order served with notice of entry from which no appeal has been taken. In any event, it is clear that the court has jurisdiction over the claims for damages for failure to provide a satisfaction. In the proper forum a court may, on motion or by plenary action (Haubrich v Haubrich, 180 Misc 735 [Sup Ct, Nassau County 1943], appeal dismissed 267 App Div 872 [2d Dept 1944]; 9 Carmody-Wait 2d, Judgments § 63:406; 2 Freeman, Judgments § 1163 [5th ed]), direct cancellation of paid judgments (Remington Paper Co. v O’Dougherty, 81 NY 474, 483 [1880]; Shaw v Dwight, 27 NY 244 [1863]) or vacate the judgment or declare it satisfied. (Allgeier v Gordon & Co., 170 Misc 607 [Sup Ct, Kings County 1939]; 73 NY Jur 2d, Judgments, §251.) As a court of general equitable jurisdiction the Supreme Court possesses the aforementioned powers.
Similarly, if the judgment is unenforceable by reason of satisfaction and if plaintiff was an owner of real property against which the judgment lien existed, he could sue to quiet title or to remove a cloud on title, which is a continuing right not barred by a Statute of Limitations. (Orange & Rockland Utils, v Philwold Estates, 52 NY2d 253, 261 [1981]; Ford v Clendenin, 215 NY 10, 16 [1915]; RPAPL 1501 [1]; 16 Carmody-Wait 2d, Quieting Title § 102:17.)