EDITH JAY, as Executrix of GERTRUDE DUBB, Deceased, Appellant, et al., Plaintiff, *v.* MINER TRUCKING Co., INC., Respondent.

Third Department, November 22, 1961.

*Carroll, Amyot & Doling* (*James F. Carroll* of counsel), for appellant.

*Turner & Murphy* (*H. Gordon Turner* of counsel), for respondent.

COON, J. The legal representative of a decedent who was the registered owner of a motor vehicle and who was a passenger therein when it was involved in an accident, sought to recover

for the wrongful death of decedent from the owner of another motor vehicle involved in the accident. The only question is whether the registered owner, present in the car (or her estate), may deny actual ownership to escape the imputed negligence of the driver when seeking to recover, as distinguished from seeking to escape liability.

It has long been established that no registered owner may escape liability by asserting that he is not the actual owner when tort liability is asserted against him. (*Gochee* v. *Wagner*, 257 N. Y. 344; *Stevens* v. *Clark*, 2 A D 2d 791.) In *Shuba* v. *Greendonner* (271 N. Y. 189), the court, citing the statutory requirements relating to the registration of motor vehicles, said (p. 194): "In view of such provisions of our statute, can we say that one who has intentionally registered a vehicle in his own name can, after an accident, prove that he never owned the vehicle? To allow that would be contrary to our public policy and nullify the statutory regulations."

In the *Shuba* case, while the respondent was attempting to relieve himself of liability by proving he was not in fact the owner, the rationale of the opinion would indicate that no one who has knowingly registered a motor vehicle in his or her name may, "after an accident" deny ownership. There seems no logical reason why the same rule should not apply to a plaintiff seeking to impose liability. The same considerations of public policy are present. One who certifies to a fictitious ownership should not be permitted to disclaim, whether for the purpose of avoiding liability or imposing liability upon another. The reasons for the rule are quite obvious, and are pointed out in the *Shuba* case. To hold otherwise would open the door to fraud and trickery and create complete confusion as to responsible ownership. None of the cases cited by appellant holds otherwise.

The judgment should be affirmed, without costs.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed, without costs.