■ 776 SOUTH ORANGE AVENUE, INC., Appellant, v. PHOENIX INSURANCE COMPANY et al., Respondents.— Judgment, Supreme Court, New York County, entered on March 3, 1972, dismissing the complaint as to all defendants, unanimously modified, on the law, so as to reinstate the complaint as to defendant Rudges & Company only, and otherwise affirmed, without costs and without disbursements. In our view the evidence established a prima facie case against the insurance broker, defendant-respondent Rudges & Company. Plaintiff-appellant has shown sufficient facts to indicate a course of conduct by Rudges & Company that lulled appellant into a false sense of security, caused appellant to continue its renovations and improvements of the insured premises, all leading to the inaugural opening of its restaurant. (Cf. *Joseph, Inc.* v. *Alberti, Carleton & Co.*, 255 App. Div. 115, affd. 251 N. Y. 580; *MacDonald* v. *Carpenter & Pelton*, 31 A D 2d 952.) Appellant is entitled to a determination on the merits of its claim that Rudges & Company continuously misrepresented the status of appellant's fire insurance coverage, causing appellant to act to its detriment, not only with respect to the physical premises, but also with respect to seeking insurance coverage elsewhere. (See *Joseph, Inc.* v. *Alberti, Carleton & Co., Inc., supra.*) In holding that a prima facie case had been made out, we neither indicate nor express any opinion whatsoever on the ultimate disposition of the case on the merits. Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.

■ LINDA WILSON, Respondent, v. WILLIAM R. WILSON, Also Known as BOB WILSON, Appellant.— Judgment, Supreme Court, New York County, entered January 12, 1973, is unanimously modified, on the law and the facts, to reduce the award for alimony to the sum of $125 per week, and to reduce counsel fees to the sum of $1,000 and, as so modified, affirmed, without costs and without disbursements. Considering the entire circumstances of the parties, including their respective ages, the financial circumstances of each of the parties, and the demonstrated ability of the wife to be self-supporting, we find that the award is excessive to the extent indicated (see *Kover* v. *Kover*, 29 N Y 2d 408). Defendant's request for restitution of the alimony paid pursuant to the temporary order is, however, without merit. (See *Baker* v. *Baker*, 17 A D 2d 924; *Haas* v. *Haas*, 271 App. Div. 107.) Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Tilzer, JJ.