■ COUNTY OF MONROE, Appellant, v HANOVER INSURANCE COMPANY et al., Defendants, and ALLSTATE INSURANCE COMPANY, Respondent.—Order unanimously affirmed, with costs. Memorandum: On June 3, 1976 Albert Collins drove his automobile into a building owned by plaintiff County of

Monroe and caused $6,664 damages. The county has recovered a judgment against Collins for that loss and it now brings this action against the defendant insurers and defendant Liberti, demanding that they satisfy the judgment. Special Term granted summary judgment dismissing the complaint against defendant Allstate Insurance Company and the county appeals. Defendant Liberti was formerly an agent of Allstate. In 1975 he obtained insurance for Collins with defendant Hanover Insurance Company through the assigned risk plan (see Insurance Law, § 63). In May, 1976 Collins asked Liberti to have the policy changed to cover a new automobile. Although Liberti had been notified that the Hanover policy had been canceled, he had apparently failed to note the cancellation in his file and he issued Collins an FS-76 insurance card listing Hanover as the insurer so that Collins could register the new vehicle. Liberti also accepted a payment of $25 from Collins which he forwarded to Hanover. Hanover cashed the check but later reimbursed Liberti, advising him that Collins' insurance had been canceled for nonpayment of premiums in February, 1976. Liberti deposited the $25 check from Hanover in a special account which he maintained for assigned risks and he notified Collins to come in so that new insurance could be arranged for his vehicle. When Collins did not come to the office to do so, Liberti returned the $25 check to him in January, 1977. The county seeks to hold Allstate liable for the loss, claiming that Liberti was acting as its agent by holding the $25. It is clear that when he obtained insurance for Collins with Hanover Insurance Company and throughout these events, Liberti was acting as a broker as he was permitted to do by statute (Insurance Law, §§ 63, 121) and by his contract with Allstate. Since he was acting as a broker and placing insurance with a company that he did not represent, he was the agent of the insured, Collins, not Allstate (see *Wright v American Equit. Assur. Co.,* 131 Misc 215, affd 223 App Div 877). He continued to act in that capacity when he received the $25 refund and placed it in his assigned risk account while attempting to arrange insurance for Collins with another company. Allstate never insured Collins, its agent Liberti never attempted to have it insure him and nothing in Liberti's conduct serves to estop Allstate from denying coverage. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.