■ RIEDMAN AGENCY, INC., Respondent, v MEAOTT CONSTRUCTION CORP. et al., Appellants, and AETNA CASUALTY AND SURETY COMPANY, Respondent. — Order and judgment unanimously modified, on the law, without costs, and, as modified, affirmed. Memorandum: In this action, initially commenced by Riedman seeking unpaid insurance premiums from Meaott, Meaott interposed two counterclaims against Riedman and joined Aetna Casualty & Surety Company as a party. Riedman and Aetna moved for summary judgment dismissing the claims and Special Term granted the motion. For the reasons stated herein we agree that the cause of action against Aetna was properly dismissed but conclude that the two counterclaims against Reidman must be reinstated. Riedman is an independent insurance and bonding brokerage firm and agent of Aetna. It has been employed by Meaott for a number of years to purchase policies of insurance. In February, 1976 Meaott entered into an indemnity agreement with Aetna whereby, in consideration for Aetna's furnishing suretyship bonds, Meaott agreed to certain conditions. A portion of the agreement provided as follows: "Aetna shall incur no liability on account of, and the Indemnitors need not be notified of: (a) Aetna's failure or refusal to furnish any Bond, including final bond or bonds where Aetna has furnished a bid bond". In January, 1977 Riedman entered into an agency agreement with Aetna by which Riedman was authorized to furnish bonds on Aetna's behalf and to receive commissions therefor. Certain members of Riedman's staff received written authorization to act as Aetna's attorney in fact. In August, 1977 Meaott, in anticipation of submitting a bid for construction of the luge run at the 1980 Lake Placid Olympic Games, contacted Riedman for the purpose of obtaining the required bonding for the project. Riedman furnished the bid bond which had been obtained from Aetna and it was submitted with the bid. Eric Scott, vice-president of Meaott, alleges that both prior to and after

submission of the bid, a number of conversations took place between himself and John Riedman, president of Riedman Agency, regarding the Lake Placid project and that he was at all times assured by Riedman that the labor and materials bond and performance bond required by the contract would be furnished by Aetna in the event Meaott was the low bidder. Meaott was in fact the low bidder but, because of Aetna's refusal to furnish the required bonds for the project, the luge run contract was awarded to another bidder. In the claims involved here Meaott seeks to recover damages in the amount of $525,000 due to the loss of the luge run contract. Riedman's and Aetna's motion for summary judgment was based on the provision in the general indemnity contract between Meaott and Aetna which absolved Aetna from liability for failure to furnish additional bonds. "Summary judgment, of course, should not be granted where there is any doubt as to the existence of a triable issue * * * or where the issue is ' "arguable" ' * * * '[w]hen reviewing a motion for summary judgment the focus of the court's concern is issue finding not issue determination, and the affidavits should be scrutinized carefully in the light most favorable to the parties opposing the motion' " (*Palmerton v Envirogas, Inc.,* 80 AD2d 996, 997). Summary judgment should not have been granted to Riedman inasmuch as Meaott, in opposing the motion, submitted the sworn affidavit of its vice-president which alleged unequivocally that Riedman assured him that performance and payment bonds would be furnished in the event Meaott was the low bidder. When a general insurance agent such as Riedman agrees with an insured to obtain insurance and fails to do so and neglects to give reasonable notice that such insurance has not been obtained, the agent becomes personally liable (*Associates Commercial Corp. of Delaware v White,* 80 AD2d 570). In agreeing to procure insurance for Meaott, Riedman undertook a duty to use reasonable skill and care, act loyally, and give notice to Meaott in the event of his failure to procure the desired bond within a reasonable time (Ann., 64 ALR3d 398, 404; 29 NY Jur, Insurance, § 457, pp 444, 453). Meaott has set forth sufficient facts to indicate a course of conduct by Riedman that lulled Meaott into a false sense of security and resulted in the expenditure of additional funds in order to prepare its bid and to become capable of performing the contract (see *776 South Orange Ave. v Phoenix Ins. Co.,* 42 AD2d 521). Even though there was no duty on the part of plaintiff actually to obtain the bonds, once it undertook to do so, it was obliged to use reasonable care to see that Meaott's interests were protected in accordance with the request (*Dalrymple v Shults Chevrolet,* 51 AD2d 884, affd 41 NY2d 957; *Fleetwood Motors v James & Sons,* 38 Misc 2d 499, 500-501). There is thus a factual question as to whether Riedman breached this duty in assuring Meaott on several occasions that Aetna would furnish the bonds. Meaott contends that such assurances continued as late as one day before the manager for the project informed Meaott that its low bid was rejected due to Aetna's refusal to furnish the bonds. Reidman's reliance on the provision of the general indemnity contract between Aetna and Meaott which absolved Aetna of liability is misplaced. Riedman was not a party to the indemnity agreement nor can it seek shelter from liability on the theory that it was acting as agent for a disclosed principal. That argument ignores the nature of the relationship between Riedman, as broker, to both the insurer and the insured. There is a factual question as to whether Riedman was acting in a dual agency relationship in representing both Meaott and Aetna. The question of whether a broker represents the insurer or the insured depends upon the particular circumstances of each case, although the general rule is that an insurance broker is regarded as agent for the insured. The weight of authority suggests that in the same transaction, a broker can be found to be the agent for both the insurer and the insured (29 NY Jur,

Insurance, § 423, p 407; Ann., 64 ALR3d 398, 407) and may be held liable for breach of its obligation to either (*Rose Inn Corp. v National Union Fire Ins. Co.,* 229 App Div 349, affd 258 NY 51).(Appeal from order and judgment of Supreme Court, Monroe County, White, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.