■ ANN J. DRYSDALE et al., Respondents, v MERITPLAN INSURANCE COMPANY, Respondent, and LUMBERMEN's MUTUAL CASUALTY COMPANY, Appellant. — Order unanimously reversed, on the law, with costs, and summary judgment granted in favor of defendant Lumbermen's Mutual Casualty Company, in accordance with the following memorandum: Special Term erred in finding that there were factual issues precluding entry of summary judgment in favor of defendant Lumbermen's and in not declaring that it had effectively

canceled Debra Stephen's policy of insurance. Section 313 of the Vehicle and Traffic Law requires that notice be given only to the "named insured", Debra Stephens, and does not require that notice be given to Victor Stephens, listed as an additional driver under the policy (see *Hanover Ins. Co. v Eggelton,* 88 AD2d 188, affd on opn below 57 NY2d 1020). Nor are there any facts by which Lumbermen's could be estopped from denying coverage on the basis of representations made by the broker in the transaction between Stephens and Lumbermen's. There was uncontroverted testimony that the broker was not acting as Lumbermen's agent in procuring the insurance. When a broker places insurance with a company he does not represent, he acts solely as the agent of the insured (see *County of Monroe v Hanover Ins. Co.,* 73 AD2d 1036). Upon reviewing the documentary evidence relied on by Lumbermen's, consisting of the policy change indorsement, notice of cancellation, certificate of mailing, and notice to the New York State Insurance Department, we conclude that it has demonstrated compliance with section 313 of the Vehicle and Traffic Law sufficient to warrant the court as a matter of law in directing judgment in its favor (CPLR 3212, subd [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.