■ OLIVIA NORMAN, Appellant, v ANNE FERRARA, Defendant, and LOUIS FERRARA, Respondent. — In an action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated March 14, 1984, as granted defendant Louis Ferrara's motion for leave to serve an amended answer denying ownership of the offending automobile.

Order reversed, insofar as appealed from, with costs, and motion to serve an amended answer denied.

On January 17, 1983, plaintiff allegedly sustained serious personal injuries when she was struck by a 1978 Datsun bearing New York license plate number 330 LPQ. It is undisputed that at the time of the accident the offending vehicle was registered in the name of Louis Ferrara and was being operated by his daughter, Anne Ferrara. Following commencement of the instant action, defendant Louis Ferrara served a verified answer in which he admitted ownership of the subject vehicle. Thereafter, he moved at Special Term to serve an amended answer to deny ownership, contending that "[t]he vehicle was registered in [his] name" but "the certificate of title is actually in [his] daughter's name" and that his prior "admission of ownership

was due to the fact that [he] misunderstood the significance of the difference between the certificate of title and the registration". Special Term was of the opinion that "leave to amend shall be freely given absent prejudice" and that it was "not a function of the court to determine the merits of the proposed amendment". Accordingly, it granted the motion. We now reverse.

It is, of course, true that a party may amend a pleading at any time by leave of court and that leave shall be freely given upon such terms as may be just (see CPLR 3025, subd [b]). It is likewise true that the merits of a proposed amendment will not be examined on the motion to amend — unless the insufficiency or lack of merit is clear and free from doubt (see *Goldstein v Brogan Cadillac Oldsmobile Corp.*, 90 AD2d 512; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, p 481). In cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied (see *Taylor v Taylor,* 84 AD2d 947; *East Asiatic Co. v Corash,* 34 AD2d 432; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.23).

At bar, defendant Louis Ferrara moved to amend his answer to deny ownership of the subject vehicle but admitted in his supporting papers that the vehicle was registered in his name. Cases in this State have long held on public policy grounds that a person in whose name an automobile is registered is estopped after an accident from denying ownership of the automobile (see *Shuba v Greendonner,* 271 NY 189; see, also, *Bornhurst v Massachusetts Bonding & Ins. Co.,* 21 NY2d 581; *Phoenix Ins. Co. v Guthiel,* 2 NY2d 584; *Jay v Miner Trucking Co.,* 14 AD2d 398). Here, where defendant Louis Ferrara admitted that the registration was in his name, his denial of ownership would be to no avail. Consequently, the proposed amendment containing an ineffectual denial was palpably insufficient as a matter of law and Special Term should not have granted leave to amend. Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.