■ ISLAND CYCLE SALES, INC., Respondent, v ALEXANDER KHLOPIN et al., Appellants. (And a Third-Party Action.)—In an action to recover damages for failure to procure the renewal of an insurance policy, the defendants appeal from an order of the Supreme Court, Richmond County (Sullivan, J.), dated June 17, 1985, which granted the plaintiff's motion for leave

to serve an amended complaint adding an ad damnum clause in the amount of $20,100,000 plus counsel fees, costs, disbursements and interest.

Ordered that the order is reversed, with costs, and the motion is denied, with leave to renew if the plaintiff be so advised.

On August 8, 1979, Kenneth Sorge sustained fatal injuries in a motorcycle accident which occurred in Richmond County. His estate subsequently commenced suit against Island Cycle Sales, Inc. (hereinafter ICS), a retailer of motorcycles and motorcycle equipment, to recover damages, *inter alia,* for breach of warranty in selling the allegedly defective helmet worn by the decedent at the time of the accident.

Prior to the accident, ICS had been insured under a garage liability policy, procured by its insurance brokers, the defendants herein. This policy provided coverage for bodily injuries of up to $100,000 per person. The policy, however, was not renewed at its expiration and, as a result, ICS was without liability insurance protection on the date of Sorge's fatal accident.

ICS subsequently commenced the instant action against the defendants, alleging that they were negligent in failing to procure the renewal of the insurance policy and in failing to secure other liability protection for ICS. By notice of motion dated April 12, 1985, ICS moved for leave to serve an amended complaint, adding an ad damnum clause in the amount of $20,100,000 plus interest and costs, which included $100,000, representing the counsel fees and expenses incurred by ICS in the defense of the action commenced by the estate of Kenneth Sorge. The plaintiff alleged in its proposed amended complaint that in the event the Sorge litigation culminated in a judgment adverse to ICS, it would be exposed to damages to the extent of $20,000,000 and that the defendants should be required to indemnify ICS based on their failure to procure the renewal of the insurance policy. The plaintiff further alleged that as a result of the negligence and/or breach of contract by the defendants, ICS was required to secure independent counsel to represent it in the defense of the Sorge action and that the defendants were, therefore, required to reimburse ICS for the counsel fees incurred.

Special Term granted the plaintiff's motion for leave to amend the complaint, and this appeal ensued.

A party may move for leave to amend a pleading at any time unless prejudice would result to the nonmoving party or

the proposed amendment is clearly lacking in merit *(see,* CPLR 3025 [b]; *Bobrick v Bravstein,* 116 AD2d 682; *Norman v Ferrara,* 107 AD2d 739). In passing upon an application for leave to amend, the merits of a proposed amendment are not usually examined "unless the insufficiency or lack of merit is clear and free from doubt" *(Norman v Ferrara, supra,* at p 740). Where a proposed amendment is "palpably insufficient" as a matter of law, the court need not exercise its discretion, and leave to amend the complaint should be denied *(Norman v Ferrara, supra,* at p 740; *see also, Ramundo v Town of Guilderland,* 108 AD2d 995; *General Motors Acceptance Corp. v Schickler,* 96 AD2d 926; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512).

Turning to the facts at bar, we find that the amendment sought to be interposed by the plaintiff is lacking in merit, and Special Term should, therefore, have denied the plaintiff's motion for leave to amend. Under New York law, "an agent or broker may be held liable for neglect in failing to procure insurance, with liability limited to that which would have been borne by the insurer had the policy been in force" *(American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346). A broker who negligently fails to procure a policy, therefore, stands in the shoes of the insurer, and is liable to provide for the plaintiff's defense in the underlying action and to indemnify him for any judgment which would have been covered by the policy.

Since the defendants in the instant action are subject to liability to the same extent as the insurer would have been had the policy of insurance been in full force and effect, the amendment proposed by the plaintiff, to wit, the inclusion of an ad damnum clause seeking damages of $20,100,000, bears absolutely no relationship to the amount which the plaintiff may actually recover against the defendants, and accordingly, the order granting the plaintiff permission to include this amendment should be reversed *(see, Hines v City of Poughkeepsie,* 36 AD2d 830).

The plaintiff, however, if it be so advised, is hereby granted leave to renew in the event it wishes to amend the complaint to include an ad damnum clause which properly reflects the limitations contained in the policy which allegedly should have been renewed. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.