■ COMSEWOGUE UNION FREE SCHOOL DISTRICT, Respondent, v R. PETER ROVEGNA, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 22, 1986, which granted the plaintiff's motion for leave to serve an amended complaint, and denied his cross motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Leave to serve an amended complaint was properly granted in this case. Such leave should be freely granted unless the delay in moving to amend has resulted in prejudice to another party, or the proposed amendment is palpably improper or insufficient as a matter of law *(see,* CPLR 3025 [b]; *Casey v State of New York,* 119 AD2d 363, 365; *Nash v Oberman,* 117 AD2d 724, 725, *lv denied* 68 NY2d 607; *Yula v Yula,* 115 AD2d 475, 476; *Barnes v County of Nassau,* 108 AD2d 50, 52; *Norman v Ferrara,* 107 AD2d 739, 740). At bar, there is no claim of prejudice and surprise, and it cannot be said that the legal insufficiency or lack of merit of the amended complaint is clear and free from doubt *(Norman v Ferrara, supra).*

Thus, the defendant's cross motion to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]) was properly denied. Construing the amended complaint liberally in the light most favorable to the plaintiff, and accepting as true the factual allegations contained therein *(see, Pollnow v Poughkeepsie Newspapers,* 107 AD2d 10, 18, *affd* 67 NY2d 778), and considering the sworn allegations of the School Board president *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635), the amended complaint states a cause of action to recover damages for breach of contract.

Finally, we do not pass upon the defendant's assertion that he is, as a public official, immune from suit. Such a claim of immunity, if established as a defense, would not impair the facial validity of the amended complaint. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.