■ Lewis R. Kinns, Jr., et al., Respondents, v Donald F. Schulz, Appellant, et al., Defendant.—Casey, J. Appeal from that part of an order of the Supreme Court (Conway, J.), entered April 15, 1986 in Albany County, which denied defen-

dant Donald F. Schulz's motion for summary judgment dismissing the complaint against him.

Plaintiffs' original action was commenced on July 7, 1985. The facts underlying the four separate causes of action originally alleged by plaintiffs are not seriously disputed. Collectively, they reveal that on October 14, 1981 plaintiff Lewis R. Kinns, Jr. (hereinafter plaintiff) applied to defendant Donald F. Schulz, an insurance broker, for a $50,000 life insurance policy on his life with plaintiff Debora Kinns, his wife, to be the named beneficiary. Plaintiff's family had employed Schulz for over 30 years in regard to their insurance matters and had never dealt with another. Plaintiff completed an application for the policy and submitted a check to Schulz in the amount of $40.32, made payable to defendant Nationwide Life Insurance Company, the designated insurer, for the first month's premium payment. Allegedly, on at least two occasions thereafter, Debora Kinns called Schulz to inquire why the check had not been negotiated and was informed that the application and check had been forwarded to Nationwide but the company was slow in processing new applications. In May 1982, plaintiff was diagnosed as having a malignant tumor. Shortly thereafter, Schulz is alleged to have admitted that the application and check were still in his office file and had never been submitted to Nationwide. Subsequently, plaintiff was diagnosed as terminally ill and, therefore, he was unable to obtain life insurance. Although plaintiff was alive at the time of the commencement of this suit, it was revealed at oral argument that he is now deceased and that the lawsuit continues with Debora Kinns as sole plaintiff.

After joinder of issue and limited discovery, both defendants moved for summary judgment to dismiss the complaint for its legal insufficiency and because the complaint was barred by the Statute of Frauds and Statute of Limitations. Plaintiffs opposed the motion and cross-moved to amend the second alleged cause of action to claim that Schulz breached another contract by failing to apply to Nationwide for life insurance on behalf of plaintiff. Defendants opposed the cross motion. Supreme Court dismissed the action against Nationwide and denied the motion to dismiss against Schulz; the court granted plaintiffs' cross motion to amend the complaint. This appeal is by Schulz only.

Although Schulz's notice of appeal is limited to a challenge of that part of the order of Supreme Court which denied the motion to dismiss against him, he also seeks to expand the appeal to permit review of the grant of plaintiffs' cross motion

to amend the complaint. It has been held that this court's review is limited to the issues raised in the notice of appeal *(see, Vias v Rohan,* 119 AD2d 672). However, we need not decide this procedural problem since it is absorbed by our determination on the merits.

Schulz first attempts to distinguish between a promise to procure insurance and a promise to apply for insurance. Specifically, Schulz contends that since he did not have authority to issue the life insurance policy he cannot be held liable for breach of an agreement to procure it. Further, in regard to the amended complaint, Schulz contends that he cannot be held liable for a failure to apply for the life insurance policy with Nationwide because this would constitute merely a breach of promise to use due care in the performance of services which may not serve as a basis for a contract action. Additionally, he argues that plaintiffs have not alleged that he intended to make a promise and to be bound thereby.

In our view, Supreme Court properly denied the motion for summary judgment with respect to Schulz and properly granted plaintiffs' motion to amend the complaint. As a broker, Schulz can be held liable on his promise to "procure" or to "apply for" plaintiff's life insurance policy *(see, Riedman Agency v Meaott Constr. Corp.,* 90 AD2d 963, 964; *Associates Commercial Corp. v White,* 80 AD2d 570) and for his failure to do so if it can be shown that at the time of the application plaintiff was insurable and coverage could have been procured *(see, Spiegel v Metropolitan Life Ins. Co.,* 6 NY2d 91; *MacDonald v Carpenter & Pelton,* 31 AD2d 952, 953). It is no longer doubtful that under established law an agent or broker may be held liable for neglect in failing to procure insurance with liability limited to that which would have been borne by the insurer had the policy been in force. The liability may either be based upon breach of contract or tort *(American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346).

In its present form, this action claims that Schulz failed to procure life insurance in the sum of $50,000 on the now deceased plaintiff's life for the benefit of his wife. This action is not on a contract for life insurance, but rather an agreement to procure insurance. So considered, it is not violative of the Statute of Frauds *(see, Goldberg v Colonial Life Ins. Co.,* 284 App Div 678, *appeal dismissed* 308 NY 958; *see also,* General Obligations Law § 5-701 [a] [1]). Furthermore, we agree with Supreme Court that in the circumstances the applicable Statute of Limitations is six years (CPLR 213 [2];

*see, Video Corp. v Flatto Assocs.*, 58 NY2d 1026; *see also, National Life Ins. Co. v Hall & Co.*, 67 NY2d 1021). The order appealed from should, therefore, be affirmed in all respects.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.