■ MINNIE ROTHFARB, Individually and as Administratrix of the Estate of HYMAN ROTHFARB, Deceased, Respondent, v BROOKDALE HOSPITAL et al., Defendants, and HAROLD TEPLITZ, Appellant.—In a medical malpractice action to recover damages for personal injuries and wrongful death, the defendant Harold Teplitz appeals (1) from an order of the Supreme Court, Kings County (Monteleone, J.), dated October 28, 1986, which denied his motion for leave to amend his answer to interpose the affirmative defense of the Statute of Limitations with respect to the plaintiffs' third and fourth causes of action, and (2) as limited by his brief, from so much of an order of the same court dated January 14, 1987, as, upon

renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order dated October 28, 1986, is dismissed, as that order was superseded by the order dated January 14, 1987, made upon reargument; and it is further,

Ordered that the order dated January 14, 1987, is modified by deleting the provision thereof which adhered to the original determination denying that branch of the motion which was for leave to amend his answer to interpose the affirmative defense of the Statute of Limitations with respect to the third cause of action to recover damages for wrongful death, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed insofar as appealed from, with costs to the appellant, and the order dated October 28, 1986, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiffs' intestate was allegedly treated medically by the defendant Teplitz "on or about March 28, 1984", and, as an alleged result of this treatment, "was caused to die on April 21, 1984".

On April 21, 1986, a summons with notice was filed with the appropriate County Clerk pursuant to CPLR 203 (b) (5), thus commencing the action within the normal two-year Statute of Limitations for a wrongful death action (EPTL 5-4.1). The plaintiffs had an additional 60 days, i.e., until June 21, 1986, to serve the appellant.

The record indicates, through the affidavit of a process server dated June 12, 1986, that the defendant Teplitz was personally served with a summons and complaint on June 10, 1986, 11 days before the 60-day period expired. The third cause of action in the complaint sought damages for wrongful death, and the fourth cause of action in the complaint sought damages for loss of consortium. In his answer dated June 27, 1986, the defendant Teplitz raised, as an affirmative defense, the issue of lack of personal jurisdiction. In his motion to amend his answer so as to interpose the affirmative defense of the Statute of Limitations to the "Third and Fourth Causes of Action", the defendant Teplitz submitted his own affidavit which stated that he was "personally served with a Summons and Complaint in the above captioned matter on August 18, 1986, and at no time prior thereto".

It is well settled that motions to amend pleadings and bills of particulars shall be freely given upon such terms as may be

just with the decision to allow or disallow the amendment committed to the court's discretion (CPLR 3025 [b]; *Barnes v County of Nassau,* 108 AD2d 50, 52; *see also, Koch v St. Francis Hosp.,* 112 AD2d 142; *Scarangello v State of New York,* 111 AD2d 798). "While a court has broad discretion in deciding whether leave to amend should be granted, it is considered an improvident exercise of discretion to deny leave to amend in the absence of an inordinate delay and a showing of prejudice" *(Scarangello v State of New York, supra,* at 799). "It is likewise true that the merits of a proposed amendment will not be examined on the motion to amend—unless the insufficiency or lack of merit is clear and free from doubt" *(Norman v Ferrara,* 107 AD2d 739, 740; *accord, Island Cycle Sales v Khlopin,* 126 AD2d 516, 518).

By virtue of the service upon the County Clerk, pursuant to CPLR 203 (b) (5), the plaintiffs had until June 21, 1986, to serve a summons and complaint. It was the plaintiffs' theory, as indicated by the affidavit of her process server, that the defendant Teplitz was personally, and therefore timely served, on June 10, 1986. The answer of defendant Teplitz, dated June 27, 1986, which included the affirmative defense of lack of personal jurisdiction, (1) alerted the plaintiffs to the fact that the veracity of their process server was being challenged and (2) put them on notice that a Statute of Limitations problem might exist. Moreover, in view of the defendant Teplitz's own affidavit, it cannot be said that the proposed amendment of the answer with respect to the third cause of action, i.e., the wrongful death cause of action, was clearly without merit *(Norman v Ferrara, supra)*. Accordingly, the Supreme Court, Kings County, erred in denying that branch of the defendant Teplitz's motion which was to amend the answer so as to interpose the affirmative defense of the Statute of Limitations with respect to the third cause of action in the complaint, i.e., the wrongful death cause of action.

However, that branch of defendant's motion which was to amend the answer so as to add the affirmative defense of the Statute of Limitations with respect to the fourth cause of action, was properly denied. The fourth cause of action in the complaint sought recovery for loss of consortium. This cause of action, which is limited to the period prior to decedent's death *(see, Liff v Schildkrout,* 49 NY2d 622), is a derivative one *(Liff v Schildkrout, supra),* and thus is governed by the same period of limitations which controls the underlying cause of action, i.e., 2½ years for medical malpractice *(Maxson v Delaware, Lackawanna & W. R. R. Co.,* 112 NY 559; *Ma-*

*munes v Williamsburg Gen. Hosp.,* 28 AD2d 998, *affd* 23 NY2d 757; *Dunaway v Staten Is. Hosp.,* 122 AD2d 775; CPLR 214-a). Since the defendant Teplitz admitted in his answer that he treated the plaintiffs' intestate as late as "March 1984" and also admitted in his affidavit, submitted in support of the motion to amend the answer that he was personally served on August 18, 1986, i.e., within the 2½-year period of limitations, the fourth cause of action was clearly timely interposed. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.