■ CLAUDIA CANNON, Appellant, v LOUIS J. MILONE, JR., as Executor of THOMAS CANNON, Deceased, Defendant, and DENISE CANNON, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Wager, J.), dated July 13, 1988, which granted the motion of the defendant Denise Cannon for leave to serve an amended answer asserting that she was not an owner of the premises where the plaintiff was injured, and (2) an order of the same court dated December 15, 1988, which granted the motion of the defendant Denise Cannon for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the orders are affirmed, with one bill of costs.

The court did not improvidently exercise its discretion in granting the defendant Denise Cannon leave to serve an amended answer denying ownership of the premises where the plaintiff was injured. In her answer, Denise Cannon neglected to address paragraph two of the complaint which alleged that she was an owner of the property along with the estate of her deceased husband. After granting her motion for

leave to serve an amended answer, the court granted her summary judgment.

"[M]otions to amend pleadings 'shall be freely given upon such terms as may be just with the decision to allow or disallow the amendment committed to the court's discretion' " *(Courageous Syndicate v People-to-People Sports Comm.,* 141 AD2d 599, quoting from *Rothfarb v Brookdale Hosp.,* 139 AD2d 720, 721-722; *see,* CPLR 3025 [b]). "While a court has broad discretion in deciding whether leave to amend should be granted, it is considered an improvident exercise of discretion to deny leave to amend in the absence of an inordinate delay and a showing of prejudice" *(Scarangello v State of New York,* 111 AD2d 798, 799; *see, Courageous Syndicate v People-to-People Sports Comm., supra,* at 599; *Rothfarb v Brookdale Hosp., supra,* at 722).

The court properly granted Denise Cannon leave to serve an amended answer. The plaintiff timely commenced the action against Louis J. Milone, Jr., as executor of the estate of Thomas Cannon, her deceased ex-husband, who was the sole owner of the property. The plaintiff will suffer no prejudice from being limited to pursuing her suit against the estate only.

We also find that the court properly granted summary judgment to Denise Cannon. As she did not own the property, she owed no duty of care to the plaintiff and, therefore, no cause of action sounding in negligence lies against her.

We have considered the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.