■ JOSEPH ANDRIACCIO et al., Appellants, v BORG AND BORG, INC., Respondent. [603 NYS2d 528] —In an action to recover damages for the defendant's failure to provide the plaintiffs with supplemental uninsured motorist coverage, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered February 1, 1991, which, upon an order granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On July 18, 1986, the plaintiff Joseph Andriaccio was injured when his automobile was struck by a vehicle operated by Elisenia Demoliano. At the time of the accident, Demoliano's vehicle was insured in the State of New Jersey by a policy which provided coverage in the amount of $15,000 per person in the event of an accident. Following the accident, the injured plaintiff settled his claim against Demoliano for $14,500, and the plaintiffs thereafter commenced this action against the defendant insurance broker, alleging, *inter alia,* that the broker had negligently failed to obtain supplemental uninsured motorist coverage to protect them in the event of an accident with an underinsured vehicle. The defendant broker subsequently moved for summary judgment, contending that the plaintiffs' failure to exhaust the insurance policy covering the Demoliano vehicle, in violation of Insurance Law § 3420 (f) (2), precluded the plaintiffs from recovery. The Supreme Court granted the defendant's motion for summary judgment, and we now affirm.

It is well settled that "an agent or broker may be held liable for neglect in failing to procure insurance, with liability limited to that which would have been borne by the insurer had the policy been in force" *(Kinns v Schulz,* 131 AD2d 957, 959; *Island Cycle Sales v Khlopin,* 126 AD2d 516, 518; *American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346). A broker who negligently fails to procure a policy stands in the shoes of the insurer, and is liable to indemnify the plaintiff for any judgment which would have been covered by the policy *(see, Island Cycle Sales v Khlopin, supra).*

In the instant case, it is undisputed that the injured plaintiff settled his claim for personal injuries against the other motorist involved in the accident for an amount less than the motorist's available insurance coverage. Insurance Law § 3420 (f) (2) provides, however, that "[a]s a condition precedent to the obligation of the insurer to pay under the supplementary uninsured motorists insurance coverage, the limits of liability

of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements". The statutory scheme thus requires "primary insurers to pay every last dollar, and requires plaintiffs to accept no less, prior to the initiation of an underinsurance claim" *(Matter of Federal Ins. Co. v Watnick,* 80 NY2d 539, 546). Thus, even had the defendant procured supplemental uninsured motorist insurance on behalf of the plaintiffs, as it allegedly fraudulently or negligently failed to do, the plaintiffs would have been precluded from recovering under such a policy pursuant to Insurance Law § 3420 (f) (2). Accordingly, the Supreme Court properly dismissed the plaintiffs' action *(see, American Motorists Ins. Co. v Salvatore, supra).* Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.