■ HUMPHREY & VANDERVOORT, Respondent, v C-KITCHENS, INC., Appellant. (Action No. 1.) C-KITCHEN ASSOCIATES, INC., et al., Appellants, v HUMPHREY & VANDERVOORT, INC., Respondent. (Action No. 2.) [604 NYS2d 415] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on appellants' breach of contract cause of action only in accordance with the following Memorandum: On August 30, 1987, a fire caused extensive damage to property located on Walden Avenue in the Town of Cheektowaga owned by C-Kitchen Associates, Inc. (C-Kitchen) (incorrectly sued as C-Kitchens, Inc.), a corporation in which Carl and Eva Gifaldi (the Gifaldis) were principals. At the time of the fire, the property was insured against loss by fire under an insurance policy obtained through Humphrey & Vandervoort (H & V) and issued by Travelers Insurance Company (Travelers), having a policy limit of $2,106,000. Travelers paid the

face amount of the policy and obtained a release from C-Kitchen and the Gifaldis (hereafter referred to collectively as appellants). The release recited that appellants: "remise, release and forever discharge the said Travelers Insurance Company, their successors and assigns, heirs, executors and administrators, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages judgments, extents, executions, claims and demands whatsoever, in law or in equity which against the said Travelers Insurance Company, they ever had, now have or which their successors and assigns, heirs executors or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents relating to their claims for damages to the building located at premises known as 3253 Walden Avenue, Depew, New York as a result of a fire loss occurring on August 30, 1987 under the contract of insurance provided by Travelers Insurance Company."

Thereafter, H & V commenced this action against C-Kitchen seeking unpaid insurance premiums. C-Kitchen interposed an answer containing counterclaims and the Gifaldis commenced a separate action against H & V seeking, in part, damages for breach of contract and negligence. In those pleadings it was alleged that H & V negligently failed to procure additional coverage of $2,000,000 under Travelers' blanket policy as appellants requested. The two actions were joined for trial. The trial court dismissed appellants' breach of contract cause of action at the close of proof. The jury returned a verdict in favor of H & V on its complaint and for no cause of action on appellants' negligence cause of action.

The sole issue on appeal is whether the court erred in dismissing appellants' breach of contract cause of action. We conclude that the court erred in determining that H & V was an agent of Travelers and, thus, that the release in favor of Travelers also released H & V as Travelers' agent. H & V was not an agent of Travelers but instead was an agent of appellants (see, Drysdale v Meritplan Ins. Co., 94 AD2d 970, 971; see also, Clinchy v Grandview Dairy, 283 NY 39; Reidman Agency v Meaott Constr. Corp., 90 AD2d 963, appeal dismissed 58 NY2d 824). In any event, the clear and unambiguous language

of the release applied only to claims against Travelers, "their successors and assigns, heirs, executors and administrators" and not to claims against unnamed or third parties such as H & V *(see, Wild v Finger Lakes Racing Assn.,* 191 AD2d 995; *see generally, Wells v Shearson Lehman/Am. Express,* 72 NY2d 11, *rearg denied* 72 NY2d 953; *Matter of Schlaifer v Sedlow,* 51 NY2d 181). We conclude, therefore, that the release did not apply to H & V and that the trial court erred in dismissing appellants' breach of contract cause of action.

Furthermore, it is well settled that where "a general insurance agent * * * agrees with an insured to obtain insurance and fails to do so and neglects to give reasonable notice that such insurance has not been obtained, the agent becomes personally liable" *(Reidman Agency v Meaott Constr. Corp., supra,* at 964; *see also, Associates Commercial Corp. v White,* 80 AD2d 570), and that liability may be based either upon a breach of contract or a tort *(see, Kinns v Schulz,* 131 AD2d 957, 959; *American Motorists Ins. Co. v Salvatore,* 102 AD2d 342, 346).

Testimony was adduced at trial from which the jury could have found that H & V negligently failed to procure the additional $2,000,000 insurance coverage that appellants requested and further that H & V neglected to advise appellants of that failure until after the fire occurred.

Therefore, we modify the judgment by denying H & V's motion to dismiss appellants' breach of contract cause of action and we grant a new trial on that issue only. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.— Breach of Contract.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.