■ EDWARD DRAGO, Respondent, v CREDIT LIFE INSURANCE COMPANY, Appellant, et al., Defendant. [620 NYS2d 154] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered January 25, 1994 in Albany County, which denied defendant Credit Life Insurance Company's motion for partial summary judgment dismissing plaintiff's first cause of action.

In 1987, plaintiff and his wife (hereinafter collectively referred to as the Dragos) obtained a $25,000 home equity loan from defendant Trustco Bank of New York, and in May 1992 they applied for, and were granted, an extension of that loan, increasing their total line of credit to $35,000. The Dragos, who had previously purchased mortgage life insurance from defendant Credit Life Insurance Company through Trustco, claim that they requested insurance to cover their additional indebtedness when they signed the credit line agreement, and that they were told by a Trustco employee that the insurance would be provided.

In August 1992, plaintiff's wife died. Credit Life paid the balance of the Dragos' mortgage, pursuant to their contract for insurance on that debt, but refused to pay the balance due on the home equity loan, claiming that there was no policy in effect in connection therewith. Plaintiff brought this suit to compel payment of the disputed amount, alleging breach of contract and negligence. Credit Life, which moved unsuccess-

fully for summary judgment on the breach of contract cause of action against it, appeals.

Credit Life's motion should have been granted, for plaintiff has come forth with no evidence that Credit Life, through its agent or otherwise, ever entered into a contract to provide insurance covering the home equity loan or the later extension. Ordinarily, a contract for life insurance, which by its nature cannot be performed within a lifetime, must be in written form to be valid (see, General Obligations Law § 5-701 [a] [1]; cf., Friedman v Markman, 11 AD2d 57, 62). By reference to plaintiff's interrogatory answers and the documentary evidence, Credit Life has established, prima facie, that there was no written contract for the insurance at issue. In response, plaintiff relies on the credit line agreement which contains a clause referring to credit insurance. The Dragos, however, did not sign that portion of the contract, which would have signified their desire to procure this optional insurance coverage. Despite plaintiff's urgings to the contrary, the language of the clause, coupled with the signature lines immediately below it, make it abundantly clear that signatures of the proposed insureds are required to apply for the insurance at issue; plaintiff's averment that he was told that no signature was necessary, while perhaps providing some support for a claim based upon the negligence of the individual who made this misstatement, cannot transform a blank form into an executed contract.

Nor is there any satisfactory evidence that plaintiff actually paid premiums for the coverage he requested, as he claims. The bill from Trustco, which states that the general rates for insurance coverage have increased, does not indicate that the Dragos were charged for insurance. And, plaintiff's assertions that Trustco overcharged him for several months, and that the overcharge was more than sufficient to cover the premiums that would have been due, do not establish that the extra charges were indeed for insurance or that the funds were forwarded to Credit Life. Moreover, inasmuch as the credit line agreement is unambiguous on its face, such extrinsic evidence is not admissible to show, as plaintiff attempts to, that the parties intended it to be a contract for insurance.

The balance of plaintiff's argument focuses on the fact that the Trustco employee, who was acting as an agent of Credit Life, promised that the insurance would be provided, and that Credit Life must be bound by that promise. While this averment, if true, could provide some support for a claim grounded upon the agent's negligent failure to procure the policy at

issue *(see, Kinns v Schulz,* 131 AD2d 957, 959), it does not establish the existence of the insurance contract itself as a basis for recovery.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, partial summary judgment awarded to defendant Credit Life Insurance Company and the first cause of action is dismissed against said defendant.