■ JOANNE CAPPELLETTI et al., Respondents, v UNIGARD INSURANCE COMPANY et al., Appellants, and NATIONAL FIRE ADJUSTMENT CO., INC., Respondent. [636 NYS2d 958] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum:

By an insurance policy issued by defendant Unigard Insurance Company (Unigard), the building and contents of plaintiff New Penn Beauty School, owned by plaintiff Joanne Cappelletti (collectively, Cappelletti), were covered for damage to building and contents caused by a peril insured against and for any tuition loss caused by such damage. The policy was procured for Cappelletti by Unigard's agent, defendant B. B. Voorhees Agency, Inc. (Voorhees). The Declaration Page of the policy states with respect to tuition loss, "TIME ELEMENT INSURANCE—TUITION FEES—$4,500", with no specification of the period of loss. In a Supplemental Declaration with Endorsement, entitled "TUITION FEES INSURANCE," the policy states that, in the event of damage or destruction of the building or contents by peril insured against, Unigard would be liable "for the ACTUAL LOSS OF TUITION FEES SUSTAINED" commencing on the date of the loss and ending on the day before the beginning of the first school year after the loss could "with the exercise of due diligence and dispatch, be rebuilt, repaired or replaced." On September 27, 1987, the building and contents were substantially destroyed by fire and the beauty school was unable to continue operating.

After the fire, Cappelletti hired an independent licensed public adjuster, employed by defendant National Fire Adjustment Co. (NFA), to prepare an estimate of the damage. Thereafter, Cappelletti and Unigard conducted continuing investigations and negotiations regarding the amount of the loss sustained by the building and contents. Finally, on December 13, 1988, Unigard issued a check to Cappelletti for $121,903.66 for the loss to the building and contents, which Cappelletti accepted. Expressly reserved, however, was the claim for tuition loss, to which Cappelletti and Unigard remained unable to agree. According to Unigard, the policy provides coverage only for a single payment of $4,500; according to Cappelletti, the coverage for tuition loss provides for payment of such loss up to $4,500 a month.

Cappelletti brought suit against defendants, asserting a cause of action against Unigard and Voorhees for reformation of the insurance policy, a cause of action against Unigard for breach of the covenant of good faith in the performance of the insurance contract, and causes of action against NFA for breach of contract and unreasonable delay in the handling and resolution of the fire loss. In their answers, Unigard, Voorhees and NFA asserted cross claims for contribution and indemnification.

Supreme Court properly denied that part of Voorhees's mo-

tion for summary judgment dismissing Cappelletti's fourth cause of action insofar as it sought to hold Voorhees liable for the loss suffered by Cappelletti by reason of the failure of Voorhees to procure proper coverage for tuition loss. Although inartfully drawn, the fourth cause of action alleges that Voorhees was negligent. "An agent or broker who in any respect violates his duty to the insured is personally liable to him for the damages caused by his default, that is, for the amount which could have been recovered from the insurer had the proper insurance been obtained" (68 NY Jur 2d, Insurance, § 437, at 543; *see, Humphrey & Vandervoort v C-Kitchens, Inc.,* 198 AD2d 840, 842).

The court also properly denied that part of Cappelletti's motion for summary judgment on the fourth cause of action against Unigard for reformation of the insurance contract. Although the question whether an ambiguity exists in the contract is initially a question of law *(Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191), "[i]f * * * the language in the insurance contract is ambiguous and susceptible of two reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact [citation omitted]" *(State of New York v Home Indem. Co.,* 66 NY2d 669, 671; *see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). In light of the factual issues raised by the parties, the court properly determined that the resolution of the ambiguity regarding tuition loss coverage should await determination by the trier of fact. Until then, the resolution of whether there was a mutual mistake and whether the policy should be reformed with respect to tuition loss coverage may be deferred. If the ambiguity is resolved in accordance with Cappelletti's interpretation, there would be no need to seek reformation of the policy.

The court erred, however, in denying that part of Voorhees's motion for summary judgment dismissing NFA's cross claim for contribution and indemnification. The complaint does not indicate that NFA's conduct resulted in "personal injury, injury to property or wrongful death" (CPLR 1401); Cappelletti's action against NFA seeks damages only for "economic loss" and such loss does not permit contribution *(see,* CPLR 1401; *Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 27-29; *Gordon J. Phillips, Inc. v Concrete Materials,* 187 AD2d 1024). The allegation that NFA negligently performed the contract does not encompass the breach of any duty independent of the contract and, therefore, fails to state a claim in tort. Under either view, NFA has no right of contribution

against Voorhees *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra,* at 29; *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389-390). Further, because there is no contract between NFA and Voorhees, NFA has no claim against Voorhees for contractual indemnity. NFA has also failed to state a claim for implied indemnity. The complaint alleges that NFA was negligent in unreasonably delaying the handling of the fire loss, thereby causing additional damage to plaintiffs. Thus, if NFA is found liable, that liability will be for its own negligence. Where the party seeking indemnification from another is itself at fault, indemnity will not be implied *(Rock v Reed-Prentice Div.,* 39 NY2d 34, 39; *Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs.,* 109 AD2d 449, 453).

Finally, the court erred in denying that part of Unigard's motion for summary judgment dismissing Cappelletti's cause of action against Unigard alleging bad faith in the performance of the insurance contract. "[I]n order to establish a prima facie case of bad faith, the plaintiff must establish that the insurer's conduct constituted a 'gross disregard' of the insured's interests —that is, a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer" *(Pavia v State Farm Mut. Auto. Ins. Co.,* 82 NY2d 445, 453, *rearg denied* 83 NY2d 779). More than ordinary negligence is required to establish bad faith *(Pavia v State Farm Mut. Auto. Ins. Co., supra,* at 453). Cappelletti failed to establish a prima facie case of bad faith against Unigard with respect to its investigation of the fire and the extent of the damage suffered, nor did Cappelletti show that Unigard grossly disregarded Cappelletti's interest in attempting to settle the fire loss. Unigard's refusal to offer the amount of tuition loss that is based on Cappelletti's interpretation of the policy is not evidence of bad faith *(see, United States Fid. & Guar. Co. v Copfer,* 48 NY2d 871; *Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 431, *rearg denied* 31 NY2d 709, *cert denied* 410 US 931; *DiBlasi v Aetna Life & Cas. Ins. Co.,* 147 AD2d 93, 98; *Dawn Frosted Meats v Insurance Co.,* 99 AD2d 448, *affd* 62 NY2d 895).

We, therefore, modify the order on appeal by granting that part of the motion of Unigard for summary judgment dismissing Cappelletti's fifth cause of action against it and that part of the motion of Voorhees for summary judgment dismissing NFA's cross claim against it, and otherwise affirm. (Appeals from Order of Supreme Court, Cattaraugus County, Francis, J.—Summary Judgment.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.