■ Eric P. Milgrim et al., Appellants, v Royal & SunAlliance Insurance Company et al., Defendants, and Fairmont Insurance Brokers, Ltd., Respondent. [906 NYS2d 572]—

In a consolidated action to recover insurance proceeds under a homeowner's insurance policy, the plaintiffs appeal from an order of the Supreme Court, Nassau County (LaMarca, J.),

entered September 10, 2009, which granted the motion of the defendant Fairmont Insurance Brokers, Ltd., for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for summary judgment on the issue of liability against that defendant.

Ordered that on the Court's own motion, Eric P. Milgrim, as administrator of the Estate of Myron J. Schwartz, is substituted for the plaintiff Myron J. Schwartz, individually and on behalf of Kadimah Chapter Kiryat Unguar, nunc pro tunc as of February 18, 2010, and the caption is amended accordingly; and it is further,

Ordered that the order is affirmed, with costs.

Kadimah Chapter Kiryat Unguar (hereinafter Kadimah) is a religious organization that was formed to purchase a home for Rabbi Bernard Schwartz (hereinafter Rabbi Schwartz) and his family, which included his son, the plaintiffs' decedent, Myron J. Schwartz (hereinafter Schwartz). In November 1992, Kadimah purchased the subject premises, located in Kings Point, for Rabbi Schwartz and his family.

While Kadimah was still in contract to purchase the subject premises, Schwartz approached the defendant Fairmont Insurance Brokers, Ltd. (hereinafter Fairmont), about obtaining homeowner's insurance for the subject premises. However, since Kadimah would own the premises, Schwartz was required to purchase property insurance at corporate rates, which was considerably more expensive than individual homeowner's insurance. Schwartz alleged that after the insurance rates began to increase, Fairmont suggested that he obtain individual homeowner's insurance by listing himself as the owner of the premises and Kadimah as the mortgagee, even though there was no mortgage on the premises. Schwartz contended that he followed Fairmont's suggestion, and for years thereafter, he insured the premises through an individual homeowner's policy purchased through Fairmont. Beginning in 1999, the insurance policy was issued by the defendant Royal & SunAlliance Insurance Company (hereinafter Royal). It is undisputed that in completing the 1999 insurance application for Schwartz, Fairmont indicated that Schwartz was the owner of the subject premises and that Kadimah was the mortgagee. Fairmont contends that in making such application, it spoke with Royal's agent to explain that, despite the information on the insurance application, Kadimah actually owned the premises.

Schwartz admitted that in November 2002, his father, Rabbi Schwartz, moved out of the premises and into a nursing home. In February 2003 Schwartz entered into a contract to sell the

premises and, in anticipation of the closing, he moved out of the premises. Nearly one year later, in January 2004, before the closing had occurred, the premises were damaged in a fire. Schwartz made a claim upon Royal, which thereafter denied the claim on three grounds: (1) Schwartz's insurance application to it contained fraudulent misrepresentations and material misrepresentations regarding the premises, his interest in the premises, and his ownership of the premises, (2) Schwartz no longer resided in the subject premises on the date of the fire, and (3) Schwartz had no insurable interest in the premises on the date of the fire.

Schwartz and Kadimah (hereinafter together the plaintiffs) commenced separate actions against Fairmont and Royal, which were later consolidated. The plaintiffs later settled with Royal in July 2008 and discontinued the action against it.

In February 2009 Fairmont moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-moved for summary judgment on the issue of liability against Fairmont. The Supreme Court granted Fairmont's motion and denied the plaintiffs' cross motion. The plaintiffs appeal. We affirm.

" '[A]n agent or broker may be held liable for neglect in failing to procure insurance, with liability limited to that which would have been borne by the insurer had the policy been in force' " (*Andriaccio v Borg & Borg*, 198 AD2d 253, 253 [1993], quoting *Kinns v Schulz*, 131 AD2d 957, 959 [1987]; *see Santaniello v Interboro Mut. Indem. Ins. Co.*, 267 AD2d 372 [1999]; *Island Cycle Sales v Khlopin*, 126 AD2d 516, 518 [1987]). "A broker who negligently fails to procure a policy . . . stands in the shoes of the insurer, and is liable to . . . indemnify [the plaintiff] for any judgment which would have been covered by the policy" (*Island Cycle Sales v Khlopin*, 126 AD2d at 518).

Here, assuming that Fairmont was negligent in obtaining insurance for the plaintiffs, Fairmont established, prima facie, that Royal properly disclaimed coverage on the ground that the insured location, i.e., the subject premises, was not Schwartz's "residence premises," as defined under the policy, on the date of the fire and, thus, its negligence, if any, was not the proximate cause of the plaintiffs' damages (*see 730 J & J, LLC v Fillmore Agency, Inc.*, 22 AD3d 741 [2005]; *Metropolitan Prop. & Cas. Ins. Co. v Pulido*, 271 AD2d 57, 61 [2000]; *see also Andriaccio v Borg & Borg*, 198 AD2d at 254). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted Fairmont's motion for summary judg-

ment dismissing the complaint insofar as asserted against it and denied the plaintiffs' cross motion for summary judgment on the issue of liability against Fairmont. Mastro, J.P., Covello, Belen and Hall, JJ., concur.