■ BRIAN FAY CONSTRUCTION, INC., Respondent, v MORSTAN GENERAL AGENCY, INC., Defendant, and DFW ASSOCIATES, INC., et al., Appellants. [934 NYS2d 497]—

The plaintiff, Brian Fay Construction, Inc., entered into a contract with J.P. Spano and Company (hereinafter Spano) wherein the plaintiff agreed to defend, indemnify, and hold harmless Spano from all claims arising from the plaintiff's performance of certain subcontract work. Thereafter, the plaintiff allegedly notified its insurance agent, the defendants DFW Associates, Inc., and Douglass Fenning, doing business as All Financial Services (hereinafter together DFW), that it was necessary to add Spano as an additional insured to its general liability policy. DFW issued an "Acord Certificate of Liability Insurance" naming the plaintiff as the insured and Spano as an additional insured under two policies of insurance. The first was a general liability policy (hereinafter the liability policy) naming Burlington Insurance Company (hereinafter Burlington) as insurer. The second was a workers' compensation policy naming Realm Insurance Company as the insurer.

One of the plaintiff's employees was injured on the job site and commenced an action against Spano who, in turn, commenced a third-party action against the plaintiff. Upon service of the third-party complaint, the plaintiff allegedly filed a claim with Burlington under the liability policy. In response, by letter dated July 8, 2003, Burlington denied coverage asserting that (1) its liability policy excludes coverage for losses arising out of bodily injury to the insured's employees, (2) that an endorsement to the liability policy provides that there was no liability coverage for losses involving the insured's employees, and (3) that "there was no evidence Spano is an additional insured."

The plaintiff thereafter commenced the instant action against DFW and Morstan General Agency, Inc., another insurance broker (hereinafter together the defendants). In its amended complaint, the plaintiff alleged that it had requested that Spano be added as an additional insured to "the existing policy" insuring the plaintiff, and that, despite providing the plaintiff with an "Acord Certificate of Liability Insurance" naming Spano as an additional insured, the defendants "failed to properly name" Spano as an additional insured. Accordingly, the plaintiff sought a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in the underlying personal injury action brought by the plaintiff's employee. After issue was joined, but prior to any discovery taking place, the plaintiff moved for summary judgment. In the order appealed from, the Supreme Court granted the motion. DFW appeals from so much of the order as granted that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that it is obligated to defend and indemnify the plaintiff in the underlying action.

Generally, insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or to inform the client of the inability to do so (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Verbert v Garcia*, 63 AD3d 1149 [2009]). An agent or broker may be held liable in failing to procure insurance, with liability limited to that which would have been borne by the insurer had the insurance been procured (*see Milgrim v Royal & SunAlliance Ins. Co.*, 75 AD3d 587 [2010]; *Andriaccio v Borg & Borg*, 198 AD2d 253 [1993]; *Island Cycle Sales v Khlopin*, 126 AD2d 516 [1987]). Thus, an insurance broker who negligently fails to procure requested insurance stands in the shoes of the insurer and is liable to provide for the insured's defense in the underlying action and to indemnify the insured for any judgment which would have been covered by the policy (*see Milgrim v Royal & SunAlliance Ins. Co.*, 75 AD3d 587 [2010]; *Island Cycle Sales v Khlopin*, 126 AD2d 516 [1987]).

In support of its motion for summary judgment, the plaintiff relied on, inter alia, the letter dated July 8, 2003, from Burlington, arguing that the letter established that the defendants failed to procure insurance.

While Burlington's letter indicated that "there was no evidence Spano is an additional insured," the letter, by itself, did not establish that Spano was in fact not an additional insured under the liability policy, or that the claim was rejected on that basis, or that the claim would have been rejected, based on the

employee liability exclusion, regardless of whether Spano had been named as an additional insured. Indeed, the letter may be interpreted as merely seeking additional information from the plaintiff. Thus, the plaintiff failed to establish, as a matter of law, that, had Spano been named as an additional insured, Burlington would have been obligated to defend and indemnify the plaintiff or Spano in the underlying action.

Since the plaintiff failed to meet its initial burden of setting forth evidentiary facts sufficient to establish its entitlement to judgment as a matter of law with respect to DFW, that branch of its motion which was, in effect, for summary judgment declaring that DFW is obligated to defend and indemnify the plaintiff in the underlying action should have been denied, regardless of the sufficiency of DFW's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

DFW's remaining contentions either are without merit or have been rendered academic by our determination. Skelos, J.P., Hall, Lott and Cohen, JJ., concur.